**155**

YATES–AMERICAN MACHINE CO.,
INC., a Nevada Corporation,
Plaintiff,

v.

NEWMAN MACHINE COMPANY, IN-
CORPORATED, a North Carolina Cor-
poration, Noise Control Services, Inc., a
North Carolina Corporation, and John
S. Stewart, an individual, Defendants.

No. C–86–958–G.

United States District Court,
M.D. North Carolina,
Greensboro Division.

Feb. 22, 1988.

Larry I. Moore, III, Daniel W. Fouts, Adams, Kleemeier, Hagan, Hannah & Fouts, Greensboro, N.C., Michael C. Payden, Leydig, Voit & Mayer, Rockford, Ill. (John W. Kozak, Leydig, Voit & Mayer, Chicago, Ill., of counsel), for plaintiff.

Frederick K. Sharpless, Tuggle, Duggins, Meschan & Elrod, Greensboro, N.C., Charles B. Park, III, John J. Barnhardt, III, Bell, Seltzer, Park & Gibson, Charlotte, N.C., for defendants.

## MEMORANDUM OPINION AND ORDER

HIRAM H. WARD, Chief Judge.

This matter comes before the Court on defendants' Motion for Limited Stay of Proceedings (November 2, 1987). In the underlying action, plaintiff seeks a declaration of noninfringement, invalidity, and/or

unenforceability with respect to three United States Patents. Additionally, plaintiff contends that defendant Newman Machine Company engaged in unfair competition by its acts respecting the patents. Finding that a stay would produce more harm than benefit to the pending litigation, the Court will deny defendants' motion.

## FACTS

Plaintiff Yates-American Machine Co., Inc. [Yates] is a Nevada corporation with its principal place of business in Wisconsin. Defendants Newman Machine Company, Incorporated [Newman] and Noise Control Services, Inc. [NCS] are both North Carolina corporations. Defendant John S. Stewart [Stewart] is a resident of North Carolina and is the president of NCS and an employee of Newman. Yates and Newman manufacture and sell, among other things, double rough surface knife planing machines for lumber.

Both Yates and Newman exhibited double rough surfaces at the International Woodworking Fair '86 held in Atlanta, Georgia in September 1986. At the woodworking fair, Newman distributed to at least some potential customers the following: (1) a document dated September 3, 1986 and entitled "Customer Information Sheet—Patent Information Packet;" (2) a document dated September 3, 1986 and entitled "Patent Memorandum Rough Lumber Planers;" and (3) a September 3, 1986 letter to Newman from Newman's patent counsel. See (Amended Complaint ¶ 8, Appendices A, B, and C (Aug. 17, 1987)); (Newman's Answer to Amended Complaint, Motion for Dismissal and Counterclaim ¶ 8 (Sept. 1, 1987) [hereinafter Newman's Answer to Amended Complaint]).

The Customer Information Sheet "strongly urge[d]" potential customers to contact a patent attorney before purchasing a lumber planer with features similar to Newman's. The "Patent Memorandum" indicated that Newman had exclusive patent rights to United States Patents Nos. 4,074,737, 4,476,906, and Des. 239,317; it further advised that purchasers or users of planers with features similar to Newman's

planers could be subject to liability for patent infringement. (The Court will refer to the patents as patents Nos. 737, 906, and 317). The letter from Newman's patent attorney again stated that dealers and users may be subject to liability for patent infringement with respect to machines other than Newman's which incorporated Newman's features.

Newman sent correspondence to Yates which indicated that Newman believed Yates was infringing its claimed patents. Specifically, by letter dated September 3, 1986, Newman asserted that it owned exclusive rights to patents Nos. 737, 906, and 317, and that Yates had willfully infringed the same. See (Amended Complaint ¶ 12); (Newman's Answer to Amended Complaint ¶ 12); (NCS–Stewart Answer to Amended Complaint ¶ 12 (Oct. 6, 1987)). Again, by letter of November 6, 1986, Newman through counsel asserted that Yates was infringing its patents and that litigation was possible. See (Defendants' Motion for Limited Stay of Proceedings [Nov. 2, 1987], Exhibit K).

On December 12, 1986, Yates filed its complaint naming only Newman as a defendant and seeking a declaratory judgment of patent noninfringement, invalidity, and/or unenforceability. Yates also denominated claims under antitrust and unfair competition. Newman answered, admitting that it had no ownership interest in patents Nos. 737 and 317, and therefore, no standing to assert that Yates had infringed these patents. See (Original Complaint ¶ 15 [Dec. 12, 1986]); (Original Answer ¶ 15 [Jan. 27, 1987]).

Yates filed an amended complaint on August 17, 1987. Yates added NCS and Stewart as defendants alleging that they have an ownership interest in patents Nos. 737 and 317 and acquiesced in and indirectly participated in Newman's alleged wrongful assertion of these patents. (Amended Complaint ¶ 24). Patent No. 737 was granted to John S. Stewart on February 21, 1978, and bears the title "Wood Planer Cutterhead Design for Reduced Noise Level." Stewart and/or NCS are the owners of all interest in patent No. 737. (Amended

Complaint ¶ 33); (Newman's Answer to Amended Complaint ¶ 33 (a-c)); (Stewart-NCS Answer to Amended Complaint ¶ 33 (a-c)). Patent No. 317 is entitled "Wood Planer Cutterhead with Removeable Bits" and is owned by Stewart and/or NCS. (*Id.*) Patent No. 906 is entitled "Yielding Pressure Bar For Wood Planing Machines" and is owned by Newman. (*Id.*)

On May 14, 1987, five months after the original complaint in this action, *Stewart* filed an application for reissue of patent No. 737. In the reissue proceeding, Stewart apparently alleges a single defect; specifically, that claim nine should state that the value of "L" is less than four inches and not be qualified by "W/L" being greater than one as in original claim nine.[1] Defendants admit that such proceeding "may continue for a period of years." (Defendants' Motion for a Limited Stay of Proceedings at 2). Yates filed a protest in the reissue proceeding, opposing the amendment to claim nine and asserting other grounds against reissue which have been raised in the instant case as grounds for the invalidity of patent No. 737. Defendants filed their Motion for Limited Stay of Proceedings on November 2, 1987 as to patent No. 737.

## DISCUSSION

■ As stated above, the issue on defendants' motion is whether the instant case as related to patent No. 737 should be stayed pending the reissue proceeding.

The power to grant a stay in a pending litigation is an inherent part of a court's authority to control its calendar. *Landis v. North American Co.*, 299 U.S. 248, 253–54, [57 S.Ct. 163, 165–66, 81 L.Ed. 153] (1936). This power is expressly recognized in the context of a stay pending a determination of a patent reissue appli-

cation, as noted in the public notification of revised rule 37 C.F.R. § 1.175 (1977). See 955 Off.Gaz.Pat. Office 1054 (1977). It is a discretionary power, however, and must be exercised in a manner that considers the competing interests of the litigants and the orderly administration of justice. *CMAX v. Hall*, 300 F.2d 265, 268 (9th Cir.1962).

.  .  .  .  .

The central question for resolution by [a] court is whether a stay pending the outcome of the reissue application will be of significant benefit so as to justify a further delay.

*Starlight Associates v. Berkey-Colortran, Inc.*, 201 U.S.P.Q. (BNA) 307, 307 (S.D.N.Y. 1978).

The Court will discuss in turn the arguments asserted by the parties respecting the stay and then balance the interests involved. Newman asserts that no controversy exists between it and Yates as to patent No. 737 because it now concedes that it has no ownership or exclusive license therein. It appears that Newman is arguing that its prior conduct with respect to patent No. 737 is erased by its letter of retraction[2] and present admission that it had and has no right to assert patent No. 737 against Yates. The Court's view of the significance of these facts is at odds with Newman's view.

Since Newman admits it had and has no ownership or exclusive licensee rights in patent No. 737, no determination by the Patent and Trademark Office [PTO] as to the terms of patent No. 737 could affect Newman's rights to assert the same against Yates. Therefore, the reissue proceeding is irrelevant to the dispute between Yates and Newman and there is no reason to stay this proceeding as to Newman

---

1. "L" equals the linear distance between adjacent blades. "W" equals the width of the workpiece. It is not entirely clear from the pleadings whether the qualification in claim nine is "W/L" being greater than one or is "W/L" being less than or equal to one. In either event, it appears to be a limiting qualification.

2. By letter dated January 23, 1987, Newman stated that it retracts all representations that it

owned exclusive rights to patent Nos. 737 and 317 and acknowledged that it had no legal standing to assert these patents against infringers. *See* (Answer to Amended Complaint, Motions for Dismissal and Counterclaim ¶ 8, Tab A [Sept. 1, 1987]). Although Newman's action is commendable, it does not in and of itself make irrelevant its prior conduct or moot the controversy between Newman and Yates.

pending resolution of the reissue proceeding.[3]

Defendants also argue that a stay should be granted because this litigation and the reissue proceeding will be duplicative as to patent No. 737. Specifically, defendants assert that the defenses to patent infringement raised in Yates' amended complaint have now been raised in the reissue proceeding by its protest. The defenses alleged in the amended complaint as to No. 737 are failure to comply with patent statutes, fraudulent misrepresentation and withholding as to prior art, and misuse of patent. (Amended Complaint ¶ 35). Yates' protest raises the issues of invalidity under 35 U.S.C. §§ 102, 103, and 112 and the defenses of fraud and withholding as to prior art. Therefore, defendants argue that the present litigation would be benefitted by a stay pending resolution of the reissue proceeding.

Although there may be some duplication between the reissue proceeding and the instant lawsuit, several factors render this fact not dispositive. First, the results of the PTO proceeding are not binding on this Court. *Johnson & Johnson, Inc. v. Wallace A. Erickson & Co.*, 627 F.2d 57, 62 (7th Cir.1980); *Unidisco, Inc. v. Schattner*, 210 U.S.P.Q. (BNA) 622, —— (D.Md.1981) (and cases cited therein). Although the PTO's insights and conclusions would be helpful, this case may well have to be litigated even if a stay and the concommitant delay were permitted. Second, the reissue proceeding is not an adversary proceeding in which Yates can fully participate and assert its alleged defenses. *PIC, Inc. v. Prescon Corp.*, 485 F.Supp. 1302, 1303–05 (D.Del.1980); *Unidisco*, 210 U.S.P.Q. (BNA) at ——. Third, all parties desire that this matter proceed as to patents Nos. 906 and 317 which involve subject matter similar to No. 737. Particularly, the Court believes that discovery as to Nos. 317 and 737 will be overlapping. Thus, the Court believes that the additional burden to defendants of proceeding as to patent No. 737 along with the other patents is minimal when compared to the potentially lengthy delay resulting from a stay. Additionally, the Court is confident that the parties are throughly familiar with the material which would be relevant to discovery on patent No. 737 and that exchanging the information to which the other party is entitled would not be unduly burdensome.

Defendants also contend that Stewart, the owner of No. 737, has not asserted the patent against Yates and will not unless the reissue proceeding terminates favorably to Stewart. On the record before the Court, it appears that Stewart is indicating that he will not assert No. 737 against Yates unless the PTO broadens claim nine upon reissue. However, since the re issue proceeding was filed more than two years after the issuance of No. 737, no re issuance can serve to broaden the claims therein. *See* 35 U.S.C. § 251 ("No reissued patent shall be granted enlarging the scope of the claims of the original patent unless applied for within two years from the grant of the original patent."). Thus, it appears *likely* that if any controversy does exist[4]

---

**3.** Additionally, the Court notes that Newman's present admission that it had no right to assert patent No. 737 against Yates and its nonbinding representation that it does not intend to assert the same in the future does not necessarily terminate the controversy between Newman and Yates although the validity of No. 737 is no longer in issue as between them. Yates seeks a declaration that Newman cannot assert patent No. 737 against it and damages for unfair competition. Newman's present nonbinding representation does not change the fact that it asserted patent No. 737 in the past against Yates and that it might do so in the future or that Yates *may* have incurred damages for unfair competition. The Court expresses no view as to the ultimate validity or justiciability of any of Yates'

claims, but only holds that defendants' above argument is unpersuasive as it relates to its motion for a stay.

**4.** Defendants argue on their motion for a stay that no controversy exists between Stewart and plaintiff because Stewart has not asserted No. 737. Although plaintiff does not allege that Stewart directly asserted No. 737 against it, plaintiff does allege that NCS and Stewart acquiesced in and indirectly participated in Newman's assertion of No. 737 against it. The Court does not express any opinion as to the existence of a controversy between plaintiff and Stewart or as to the validity of plaintiff's claims against Stewart. Instead, it holds only that defendants' argument provides no support *that a stay* will benefit this litigation.

between Stewart and Yates as to No. 737, it must be resolved under the patent as it presently exists, and therefore, that there is little reason to wait for the results of the PTO proceeding.[5]

On balance and for the reasons stated above, the Court finds that the harm resulting from a delay in this litigation would outweigh the benefits of a stay pending resolution of the reissue proceeding. Therefore, defendants' motion will be denied.

IT IS, THEREFORE, ORDERED that defendants' Motion for Limited Stay of Proceedings be, and the same hereby is, DENIED.

---

**5.** Additionally, "no reissued patent shall ... affect the right of any person ... who made, purchased or used *prior to the grant* of a reissue anything patented by the reissued patent ... unless the making, using or selling of such thing infringes a valid claim of the reissued patent which was in the original patent." 35 U.S.C. § 252 (emphasis added).