The SINGER COMPANY, Plaintiff-Appellant,

v.

P. R. MALLORY & CO., INC., Defendant-Appellee.

No. 81–2065.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 9, 1981.

Decided Feb. 12, 1982.

Paul R. Puerner, Michael, Best & Friedrich, Milwaukee, Wis., for plaintiff-appellant.

Herbert Blecker, Hopgood, Calimaede, Kalil, Blaustein & Judlowe, New York City, for defendant-appellee.

Before SPRECHER and BAUER, Circuit Judges, and ROSZKOWSKI, District Judge.*

SPRECHER, Circuit Judge.

The Singer Company ("Singer") appeals from an order enjoining it from proceeding with the prosecution of patent reissue applications before the United States Patent and Trademark Office ("Patent Office") and ordering the Patent Office to stay its proceedings on the patent reissue applications. Because we find that the standards governing the issuance of injunctions were not met as to either Singer or the Patent Office, we reverse the order of the district court.

### I

Singer filed a complaint on February 22, 1979, alleging that P.R. Mallory & Co., Inc ("Mallory") had infringed three of its patents, U.S. Nos. 3,395,585, 3,431,372 and 4,001,529. These patents pertained to timing devices used in household appliances. Mallory answered on July 27, 1979, denying infringement and challenging the validity of Singer's patents in light of specifically identified prior art. Mallory also asserted five counterclaims, three of which sought declaratory judgments that the Singer patents at issue were invalid, and two of which charged that Singer had infringed Mallory's patents, U.S. Nos. 3,239,614 and 3,306,996, which also pertained to timing devices.

On August 14, 1979, Singer moved to stay further proceedings in the district court [1] until Singer had an opportunity to file and receive a final determination on applications for reissue of Patent Nos. 3,395,585 and 4,001,529.[2] While this motion was pending, Singer filed applications with the Patent Office to reissue the two patents. Pursuant to an agreement between the parties, the Patent Office initially took no action on the reissue applications pending the

---

\* Honorable Stanley J. Roszkowski, District Judge for the Northern District of Illinois, is sitting by designation.

1. Singer also moved for dismissal with prejudice as to four claims of Patent No. 3,431,372 and six claims of Patent No. 4,001,529, and for dismissal without prejudice as to six claims of Patent No. 3,431,372.

2. Reissue proceedings are authorized by 35 U.S.C. § 251 whenever a patent is "deemed wholly or partly inoperative or invalid" through error without deceptive intent. Pursuant to 35 U.S.C. § 6(a), the Commissioner of Patents and Trademarks established regulations in 37 C.F.R. § 1.175(a)(4) (1981), which provide that applicants for reissue must file with their applications a statement

> When the applicant is aware of prior art or other information relevant to patentability, not previously considered by the Office, which might cause the examiner to deem the original patent wholly or partly inoperative or invalid, particularly specifying such prior art or other information and requesting that if the examiner so deems, the applicant be permitted to amend the patent and be granted a reissue patent.

determination of Singer's motion to stay the court proceedings. On February 26, 1981, however, Singer requested the Patent Office to begin to consider the applications.

On March 17, 1981, Mallory requested a ruling on Singer's motion to stay proceedings. At the same time, Mallory filed a cross-motion seeking an order enjoining Singer from proceeding with its efforts to obtain reissues of Patent Nos. 3,395,585 and 4,001,529 and "directing" the Patent Office "to stay all proceedings on the determination of Singer's application for reissue." Mallory supported this motion with a brief memorandum, which explained the grounds for injunctive relief in three sentences:

> The P.T.O. [Patent Office] reissue proceeding is essentially an *ex parte* proceeding. Furthermore, to the extent the P.T.O. proceeding considers the issues raised, it will be largely duplicative of the Court proceeding, without however, the concomitant benefit of affording defendant any opportunity for discovery. In addition, the P.T.O. proceeding will not, in any event, finally dispose of all issues between the parties.

The trial court granted Mallory's motion on April 3, 1981, at the same time that it denied Singer's motion to stay the court proceedings. The court dealt only briefly with the grounds upon which it granted Mallory's injunctive request, noting that "the advantages of reissue are questionable at best." Singer appeals that portion of the order which granted injunctive relief.

## II

### A

We begin with an examination of that portion of the court's order which enjoined Singer from proceeding with its reissue applications before the Patent Office. While the decision of a district court to enjoin a party is, of course, subject to review by this court, we will overturn the grant of an injunction "only upon a showing of a clear abuse of discretion." *Reinders Brothers, Inc. v. Rain Bird Eastern Sales Corp.*, 627 F.2d 44, 49 (7th Cir. 1980). The district court's discretion, however, must be "measured against" the standards which govern the granting of injunctions. *Fox Valley Harvestore, Inc. v. A. O. Smith Harvestore Products, Inc.*, 545 F.2d 1096, 1097 (7th Cir. 1976).

The standards governing the granting of preliminary injunctions are well established.[3] First, the party seeking the injunction must show that it will be irreparably harmed should an injunction fail to issue. This proof includes a demonstration that the party lacks an adequate remedy at law. Second, the threatened injury to the party seeking the injunction must outweigh the harm that the injunction might cause the party against which it is entered. Third, the granting of the injunction must not be contrary to the public interest. Finally, the party seeking the injunction must demonstrate a reasonable likelihood of success on the merits. *Machlett Laboratories, Inc. v. Techny Industries, Inc.*, 665 F.2d 795 at 796 (7th Cir. 1981); *O'Connor v. Board of Education*, 645 F.2d 578, 580 (7th Cir. 1981). All of these conditions must be satisfied before the drastic remedy of an injunction will be ordered. *Fox Valley Harvestore v. A. O. Smith Harvestore Products*, 545 F.2d 1096, 1097 (7th Cir. 1976). In this case, the court below failed to examine explicitly any of the four factors in its order enjoining Singer from proceeding with its reissue application in the Patent Office. Upon consideration of the record in light of these factors, we find that the grant of the injunction was an abuse of discretion.

---

**3.** The district court's order does not state whether the injunction is preliminary or permanent. However, in light of the pleadings of the parties and the language of the court, we conclude that the order below was for a preliminary injunction. We note that the result herein would be the same were the order one for a permanent injunction. "The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Beacon Theatres v. Westover*, 359 U.S. 500, 506–07, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959). As explained herein, no such irreparable harm was demonstrated before the court below.

The injunction issued in the present case fails to meet the initial prerequisite for the granting of an injunction. There was no showing below that Mallory would be irreparably harmed if the injunction did not issue. Indeed, the court below appeared to base its decision to enjoin Singer on the ground that the patent reissue proceedings would have no effect whatsoever on the action before the court. The district court's order quoted this court's decision in *Johnson & Johnson v. Wallace A. Erickson & Co.*, 627 F.2d 57, 62 (7th Cir. 1980), where we noted that the "reissue proceedings would have no effect whatever on the judicial process." From this, the district court concluded that "the advantages of reissue are questionable at best." *Singer v. P.R. Mallory & Co.*, No. IP79–149–C, slip op. at 3 (S.D.Ind. Apr. 3, 1981) (order granting preliminary injunction).

The conclusion that reissue proceedings would be of "questionable" usefulness to the infringement litigation hardly serves to demonstrate "irreparable harm" to Mallory stemming from the reissue proceedings. Mallory has failed to identify any possible harm which it will suffer if reissue proceedings in the Patent Office are allowed to continue. As the district court noted, a reissue of the patent will not affect the substantive rights of Mallory in the litigation. The district court will still rule on Mallory's prior art claims, thus providing a remedy at law for any "incorrect" findings by the Patent Office. While Mallory can, if it wishes, expend money to intervene in the proceedings, such intervention is not necessary to preserve Mallory's rights and claims in the present suit. At any rate, the expense incurred in litigating a position is not the type of "irreparable harm" for which injunctive relief may be granted. *Renego-*

*tiation Board v. Bannercraft Clothing Co.*, 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); *Rosenthal & Co. v. Bagley*, 581 F.2d 1258, 1262 (7th Cir. 1978).

Furthermore, the courts have repeatedly held that a "speculative" injury does not constitute an irreparable injury justifying injunctive relief. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 536 F.2d 730, 736 (7th Cir. 1976); *Adamszewski v. Local Lodge 1487*, 496 F.2d 777, 786 (7th Cir.), *cert. denied*, 419 U.S. 997, 95 S.Ct. 311, 42 L.Ed.2d 271 (1974). Mallory's claimed "injury" here appears to rest on the assumption that the decision of the Patent Office on the reissue application will be contrary to Mallory's interests. This assumption is clearly speculative, even were we to accept Mallory's characterization of the reissue application procedure as "ex parte."[4] The Patent Office on a reissue proceeding might well deny Singer's reissue application and find that prior art rendered the claims in question unpatentable. Thus, any injunctive action by the courts is clearly "premature." *Frey v. Commodity Exchange Authority*, 547 F.2d 46, 49 (7th Cir. 1976).

Nor is the second prerequisite to an injunction met here. The threatened injury to Mallory does not outweigh the harm that the injunction might cause Singer. Mallory has demonstrated no threatened harm to its interests stemming from the reissue proceedings. Singer, on the other hand, stands to be injured by the injunction. The injunction prevents Singer from strengthening its patent by way of a Patent Office consideration of prior art. A reissue of the patent by the Patent Office, while not binding on the courts in an infringement action, could well serve to deter infringement by other manufacturers.[5] Thus, the balance of

4. While Mallory's participation rights are limited in a reissue proceeding, 37 C.F.R. § 1.291 (1981) provides that parties in Mallory's position may file objections with the examiner which oppose reissue applications and include citations to prior art. *See PIC Inc. v. Prescon Corp.*, 485 F.Supp. 1302, 1303–04 (D.Del.1980).

5. The reissue proceedings are not, of course, totally ignored by courts reviewing infringement claims. The granting of a reissue patent,

like the granting of a patent, creates a rebuttable "presumption of validity." *Johnson & Johnson v. Wallace A. Erickson & Co.*, 627 F.2d 57, 61 (7th Cir. 1980). Furthermore, the courts will take cognizance of the "particular expertise" of the Patent Office in considering the effect of prior art on the patent in issue. *Fisher Controls Co. v. Control Components, Inc.*, 443 F.Supp. 581, 582 (S.D.Iowa 1977). Both of

hardships dictates a refusal to enjoin Singer from proceeding with its reissue application.

Finally, to enjoin Singer from proceeding before the Patent Office violates the third prerequisite for injunctive relief. The injunction here is contrary to public policy. The general policy in cases seeking to interfere with the course of administrative agency action was described in *McKart v. United States*, 395 U.S. 185, 193–94, 89 S.Ct. 1657, 1662–63, 23 L.Ed.2d 194 (1969):

> The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise.

Congress has created a statutory procedure under 35 U.S.C. § 251 whereby a patentee can obtain a determination of a patent's validity in proceedings before the Patent Office. This procedure permits a review of prior art by an agency with particular expertise in the area, and can provide a guide to the patentee as to the advisability of continuing expensive infringement litigation. The injunction here precludes the patentee from utilizing the reissue procedures and is therefore contrary to established public policy.

Thus, Mallory failed to establish the prerequisites to injunctive relief.[6] We find, therefore, that the order below enjoining Singer from proceeding with its reissue application was improvidently granted.

## B

■ In addition to enjoining Singer from proceeding with its patent reissue applications, the district court also "ordered" the Patent Office to "stay all proceedings" concerning the reissue applications. Once again, the court failed to examine specifically whether the prerequisites to injunctive relief were met. While the discussion above details the absence of any basis for injunctive relief in this case, we note that enjoining the Patent Office was particularly inappropriate.

"It is well settled that the courts should not interrupt the administrative process except under very limited and exceptional circumstances." *Federal Trade Commission v. Feldman*, 532 F.2d 1092, 1095 (7th Cir. 1976).[7] This proposition stems from "the long settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938).

In *Borden, Inc. v. Federal Trade Commission*, 495 F.2d 785 (7th Cir. 1974), the plaintiff appealed the district court's dismissal of a count seeking to enjoin the Federal Trade Commission from "any further proceedings" on an administrative complaint. This court upheld the refusal to enjoin the agency, noting that "ordinarily courts will not interfere with an agency until it has completed its action." *Id.* at 786–87. The court found that

> administrative remedies may be bypassed only if (1) the agency has clearly violated

these consequences of reissue proceedings, however, are central to the statutory scheme governing patents. As such, they can hardly be asserted as "irreparable injuries."

**6.** We can make no determination as to the final injunction requirement, a demonstration of likely success on the merits. The trial court's order provided no guidance on the issue, and the record before us is insufficient to provide sound grounds upon which to base a conclusion. Such a determination is, however, unnecessary in light of our finding that none of the

other prerequisites for injunctive relief were met.

**7.** The Patent Office falls within the definition of an administrative "agency" established by the Administrative Procedure Act. 5 U.S.C. § 551(1). Administrative agencies are those agencies "administering powers delegated to them by the legislature." L. Jaffe, Judicial Control of Administrative Action 1 (1965). Congress has delegated its powers under U.S. Const. art. 1, § 8, cl. 8, to the Patent Office. 35 U.S.C. § 1 *et seq.*

a right secured by statute or agency regulation...; (2) the issue involved is a strictly legal one not involving the agency's expertise or any factual determinations...; or (3) the issue cannot be raised upon judicial review of a later order of the agency.

*Id.* at 787. *Accord, Federal Trade Commission v. Feldman*, 532 F.2d 1092, 1096 (7th Cir. 1976).

None of these exceptions are applicable here. Mallory has not alleged any breach of its statutory rights that would flow from the reissue proceedings. Furthermore, the reissue proceedings will deal with the question of the effect of prior art on the patents' validity—clearly an issue "involving the agency's expertise." Finally, any determination by the Patent Office is, by Mallory's admission, subject to reexamination by the district court. Thus, none of the exceptions permitting restraint of Patent Office action were demonstrated here.[8]

### III

We, therefore, find that the district court abused its discretion in enjoining Singer from proceeding with its patent reissue applications and in staying the proceedings in the Patent Office. However, while Singer asks on appeal that we stay proceedings by the district court, it provides no support for this position in its briefs to this court. We, therefore, decline to stay proceedings below. The order of the district court is REVERSED, costs on appeal to be borne by the Appellee.

---

8. Mallory argues on appeal that the district court's injunction was properly entered in aid of its own jurisdiction. The cases it cites in support of this argument are inapposite, however. Both cases restrained proceedings in other courts, not administrative agencies. Furthermore, the court in each case noted that it was restraining not the other court, but the suitor in court. *Martin v. Graybar Electric Co.*, 266 F.2d 202, 204 (7th Cir. 1959); *Galco Food Products v. Goldberg*, 171 U.S.P.Q. 379, 381 (N.D.Ill.1971).