In re Paul OPPRECHT on Motion for Reconsideration.

No. 89–1137.

United States Court of Appeals, Federal Circuit.

Feb. 27, 1989.

J. Georg Seka, Townsend & Townsend, San Francisco, Cal., for appellant.

John Martin, Office of the Sol., Arlington, Va., for appellee.

Before MARKEY, Chief Judge, RICH, and NEWMAN, Circuit Judges.

PAULINE NEWMAN, Circuit Judge.

## ORDER

Fael, S.A. moves for reconsideration of the court's January 13, 1989 unpublished order denying Fael's motion for leave to intervene or to file a brief *amicus curiae* in this appeal from an adverse decision, on reexamination, of the Board of Patent Appeals and Interferences of the United States Patent and Trademark Office (PTO). The patent owner opposes the motion.

Reexamination of an issued patent may be initiated at the request of the patent owner or any other person. 35 U.S.C. § 302. The requester must cite references and explain their pertinency. *Id.* During the reexamination proceeding a requester who is not the patent owner may respond to the subsequent patentability statement filed by the patent owner. 35 U.S.C. § 304. Beyond this, third parties do not participate before the PTO. The legislative intent was to provide specified limits to the participation of third parties, thus adding weight to the purpose of facilitating and expediting the reexamination proceeding, as against the possible advantages of a full *inter partes* contest. *See* S.Rep. No. 617, 96th Cong., 2d Sess. 16 (1980) ("Participation by third parties will be limited. The patent reexamination procedure thereby parallels the existing examination procedures."); H.R.Rep. No. 1307, 96th Cong., 2d Sess., pt. 1, at 3–4, *reprinted in* 1980 U.S.Code Cong. & Admin.News 6460, 6462–63 ("Reexamination will permit efficient resolution of questions about validity of issued patents without recourse to expensive and lengthy infringement litigation.")

Only the patent owner may appeal to the PTO Board, 35 U.S.C. § 306, and intervention before the PTO Board is not authorized. Fael's requested intervention on appeal to this court raises the possibility, if not the probability, of the introduction of argument or issues beyond those before the PTO, for Fael apparently did not file a reexamination request or participate before the PTO to the limited extent authorized by statute. Nor does Fael assert before us that there are issues or arguments that were not sufficiently raised before the PTO.

Indeed, absent new substance, there would be no basis for the requested intervention. Yet the statute requires that an appeal under 35 U.S.C. § 144, the section here pertinent, is "on the record before the PTO". The appearance during the judicial appeal of a person who took no part whatsoever in the administrative appeal, although limited participation is authorized by statute, who made no contribution to the record before the PTO, and asserts no deficiency therein, is contrary to general principles of intervention. *See generally UAW Local 283 v. Scofield,* 382 U.S. 205, 86 S.Ct. 373, 15 L.Ed.2d 272 (1965), wherein the Court discussed intervention on appeal by persons who had been *parties* to the administrative proceedings. The Court pointed out the conflicting restraint of *res judicata,* as it could apply to those who intervene in cases to which they are not parties, and *stare decisis* or comity, as might apply to such persons even when they did not intervene. *Id.* at 213, 86 S.Ct. at 379. In determining the balance in the case before it, the Court gave due weight to the public policies reflected in the intent of Congress. Applying these considerations to the facts of the case at bar, we must conclude that Congress' carefully balanced provisions governing the participation of third persons in reexamination outweighs Fael's assertion that its interest in the outcome suffices to support its intervention on appeal.

Fael states that it is a party to litigation in the District Court of the Eastern District of California involving the patent under reexamination, that the District Court stayed its proceedings, and will undoubtedly give great weight to the outcome of reexamination. Such a situation does not conflict with, and indeed reflects, the statutory purpose. "Reexamination would eliminate or simplify a significant amount of patent litigation." S.Rep. No. 617, 96th Cong., 2d Sess. 12 (1980). It was expected that third persons would have an interest in the outcome of reexamination; the existence of such interest does not change the

congressional intent that the proceeding be limited in its *inter partes* attributes.

The grant or denial of a request to intervene or to appear as *amicus* is discretionary with the court. *In re Etter*, 756 F.2d 852, 859 n. 6, 225 USPQ 1, 5 n. 6 (Fed.Cir.) (in banc), *cert. denied*, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). In *Reed v. Quigg*, 230 USPQ 62 (D.D.C.1986) the district court permitted intervention in a reexamination civil action under 35 U.S.C. § 145. We permitted intervention on appeal under § 144 in *In re Merck & Co.*, 800 F.2d 1091, 231 USPQ 375 (Fed.Cir.1986). Fael has offered no reason for the requested intervention other than its interest in the outcome. Such reason was accommo-dated in the congressional design of the reexamination proceeding, and is not good and sufficient for the requested intervention.

Upon reconsideration thereof,

IT IS ORDERED THAT:

The motion to intervene on appeal, or alternatively to file a brief as *amicus curiae*, is denied.