65 F.3d 187
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re CONTINENTAL GENERAL TIRE, INC., Petitioner.
 Misc. No. 436.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before MICHEL, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 ORDER
 LOURIE, Circuit Judge.
 
 
 1
 Continental General Tire, Inc. petitions for a writ of mandamus to direct the United States District Court for the Western District of North Carolina to vacate its orders compelling Continental General to file requests for reexamination of claims of the patents-in-suit and to preclude Continental General from relying on any prior art during trial that was not presented first to the Patent and Trademark Office. The Goodyear Tire & Rubber Co. opposes.
 
 BACKGROUND
 
 2
 Goodyear sued Continental General for infringement of five patents. Continental General counterclaimed for declaratory judgments of invalidity and noninfringement. Goodyear moved (1) to compel Continental General to file requests for reexamination of the claims of the Goodyear's patents and (2) "for an order precluding [Continental General] at the trial ... from asserting as prior art material to the issue of validity of any patent in suit any patents or printed publications not brought to the attention of the PTO, unless [Continental General] demonstrates that the prior art patent or printed publication by due diligence could not have been discovered in time...." Continental General opposed the motions. In an order adopting the language of Goodyear's proposed order, the district court granted the motions. The order briefly explained:
 
 
 3
 This court finds that Requests for Reexamination of the patents in suit initiated by the defendant will expedite the disposition of this matter and conserve the limited resources of the Court.
 
 
 4
 In a subsequent order, the district court denied reconsideration and directed Continental General to file its requests for reexamination of Goodyear's five patents by September 1, 1995.
 
 DISCUSSION
 
 5
 "[T]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 34 (1980). The remedy of mandamus is available to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464, 7 USPQ2d 1713, 1715 (Fed.Cir.1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired and that the right to issuance of the writ is "clear and indisputable." Allied Chemical Corp., 449 U.S. at 35.
 
 
 6
 Continental General's basic argument is that the district court has no statutory or inherent power to compel a party to either file a request for reexamination or, if it does not do so, to be precluded from asserting as prior art any papers that it did not first submit to the PTO in a request for reexamination. Continental General argues (1) that the reexamination statute does not mandate that a party file a request for reexamination, (2) that reexamination before the PTO and validity litigated before a district court are distinctly different, and (3) that Continental General would be forced to expend $11,250 for filing the requests and a large amount of attorney fees as well. Continental General also argues that the orders are unconstitutional.
 
 
 7
 In response, Goodyear generally argues that the district court has broad and inherent powers to manage the case and that the court's orders fall within that power. Goodyear argues that compelling Continental General to request reexamination, rather than Goodyear voluntarily requesting reexamination, will narrow or simplify the issues for trial. Goodyear further argues (1) that no statute prohibits the district court's action, (2) that the legislative history cited by Continental General does not support its arguments, (3) that "there is clear precedent that a district court can order requests for reexamination in accordance with its inherent powers," and (4) that "the Patent Office rules contradict Continental General's arguments." Finally, Goodyear argues that the orders are not unconstitutional.
 
 
 8
 Based upon the following reasons, we conclude that the district court exceeded its powers when it compelled Continental General to file requests for reexamination of Goodyear's patents. Further, there can be no meaningful review of the issue if we defer appellate review until appeal after final judgment. The relief that Continental General desires is to not be required to file reexamination requests, and by the time final judgment is entered reexamination will have been completed. Accordingly, mandamus is appropriate to direct the district court to vacate its orders compelling Continental General to either file requests for reexamination or be precluded from asserting as prior art documents that it has not first submitted to the PTO.[1]
 
 
 9
 We begin with the statute authorizing requests for reexamination. The statute provides:
 
 
 10
 Any person at any time may file a request for reexamination by the Office of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. The request must be in writing and must be accompanied by payment of a reexamination fee established by the Commissioner of Patents pursuant to the provisions of section 41 of this title. The request must set forth the pertinency and manner applying cited prior art to every claim for which reexamination is requested. Unless the requesting person is the owner of the patent, the Commissioner promptly will send a copy of the request to the owner of record of the patent.
 
 
 11
 35 U.S.C. Sec. 302 (emphasis added). We agree with Continental General that the statute, on its face, permits any party to file a request for reexamination, but does not expressly empower a district court to compel a party to file such a request or require that any party file such a request.
 
 
 12
 Goodyear argues that "there is clear precedent that a district court can order requests for reexamination in accordance with its inherent powers." The only "precedent" cited by Goodyear is our decision in In re Vamco, 752 F.2d 1564, 224 USPQ 617 (Fed.Cir.1985). In Vamco, we reviewed the PTO's rejection of all claims of a patent in a reexamination proceeding. We noted, in our statement of the case's procedural history, that there was also an infringement suit in a district court, and that the patentee had been ordered by that district court to request the reexamination which we were reviewing. Vamco, 752 F.2d at 1565, 224 USPQ at 617. In our statement of the case's procedural history, we quoted from the district court's order stating that it had ordered the patentee to request reexamination
 
 
 13
 for the purpose of avoiding piecemeal proceedings and litigation, for the purpose of conserving judicial resources, and for the purpose of utilizing the recently enacted laws of the United States.
 
 
 14
 We note that the appeal was from the Patent and Trademark Office Board of Appeals. We clearly were not reviewing the district court's order. In Vamco, we stated that "[t]he sole issue before us is whether the board erred in holding the invention ... would have been obvious...." Vamco, 752 F.2d at 1566, 224 USPQ at 618. We were not presented with, and thus did not consider, the lawfulness of the district court's order. Goodyear's statement that Vamco is clear precedent concerning a district court's power to compel a party to request reexamination is thus incorrect.[2]
 
 
 15
 Pertinent precedent supports Continental General's arguments. In Green v. Rich Iron Company, Inc., 944 F.2d 852, 853, 20 USPQ2d 1075, 1076 (Fed.Cir.1991), we held that a district court in an infringement case could not compel a patentee to seek reissue from the PTO. We noted that, even under an experimental "no defect" reissue procedure,[3] "the power of courts to compel litigants to seek reissue was not universally accepted," citing as an example Johnson & Johnson, Inc. v. Wallace A. Erickson & Co., 627 F.2d 57, 206 USPQ 873 (7th Cir.1980). In Johnson & Johnson, the Seventh Circuit held that "Congress has not yet deemed it proper to vest district courts with the power to initiate reissue proceedings, nor do courts possess inherent power which extends to compulsion upon patentees to seek reissue." Johnson & Johnson, 627 F.2d at 61, 206 USPQ at 878. Although the Seventh Circuit recognized that reissue proceedings may "serve a useful purpose and may conserve time, money and effort when a patentee voluntarily seeks reissue," the useful purposes of reissue did not vest in the district court the power to compel a party to initiate such a proceeding in the PTO. Id. We agree with the Seventh Circuit's reasoning.
 
 
 16
 Similarly, the useful purposes reexamination might serve do not give the district court the power to compel a party to request reexamination. Nor should a court's power to stay proceedings pending reexamination extend to empower a court to direct that reexamination be requested. Compare Johnson & Johnson, 627 F.2d at 61, 20 USPQ at 877 ("[w]hile a court may stay proceedings during these voluntary proceedings, it has no authority to compel involuntary applications for reissue") (quoting Bielomatik Leuze & Co. v. Southwest Tablet Mfg. Co., 204 USPQ 226, 226-27 (N.D.Tex. August 22, 1979)). A party's choice whether to request reexamination, like the patentee's choice whether to seek reissue, should remain undisturbed by the courts. Compare Johnson & Johnson, 627 F.2d at 62, 20 USPQ at 878 (district court does not have power to compel reluctant patentee to seek reissue) with The Singer Company v. P.R. Mallory & Co., Inc., 671 F.2d 232, 236, 213 USPQ 202, 205-06 (7th Cir.1982) (reversing an injunction that enjoined a party from seeking reissue because, inter alia, the injunction was against public policy that permits agency review of prior art).
 
 
 17
 Here, as in Green and Johnson & Johnson, Congress has not vested courts with the power to initiate proceedings in the PTO. Such power, if intended by Congress, could have been provided by statute. Goodyear argues that the district court has the inherent power and discretion to manage its case and that this order is justifiable as an exercise of that discretion. Goodyear compares the district court's order compelling reexamination to the district court's authority to compel parties to engage in mediation or to appoint a special master. However, the choice to refer a case to mediation and the authority to appoint a special master are addressed by the Federal Rules of Civil Procedure. See Fed.R.Civ.P. 16(c); Fed.R.Civ.P. 53. No such rule mentions reexamination or authorizes the district court to compel a party to instigate a reexamination proceeding. The cases cited by Goodyear concerning the inherent power of a district court to manage its cases reflect a court's power to control the parties' conduct before the court. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980) (federal courts have the inherent power to sanction counsel for willful disobedience of court orders); Link v. Wabash Railroad Co., 370 U.S. 626, 630 (1962) (federal courts have the inherent power to dismiss sua sponte for failure to prosecute). These cases do not support a broad inherent power that includes the authority to require a party to participate in a permissive, and potentially expensive, agency proceeding that the party within its right chooses not to pursue. Compare Johnson & Johnson, 627 F.2d at 61, 206 USPQ at 878 ("nor do courts possess inherent power which extends to compulsion upon patentees to seek reissue").
 
 
 18
 Goodyear also argues that the reexamination procedure, if initiated by Continental General, will narrow or simplify the issues for trial. See, e.g., American Hoist & Derrick Co. v. Sowa & Sons, 725 F.2d 1350, 1359-60, 220 USPQ 763, 771 (Fed.Cir.1984) (deference is due to the PTO's determinations concerning prior art considered by the PTO, but there is no reason to defer if the prior art was not before the PTO). Continental General argues that reexamination and adjudication of validity in patent litigation are distinctly different. See In re Etter, 756 F.2d 852, 857-58, 225 USPQ 1, 4-5 (Fed.Cir.1985) (describing differences between reexamination and validity as decided in patent litigation). These arguments do not address whether the district court had the power to compel Continental General to request reexamination, but rather what effect the compelled reexamination might have on the district court's trial.
 
 
 19
 Finally, Goodyear argues that "[t]he PTO itself specifically recognizes a court's broad power to compel reexamination in its Manual of Patent Examining Procedure, M.P.E.P. Sec. 2286...." That section provides:
 
 
 20
 Any request for reexamination which indicates that it is filed as a result of an order by a court or that litigation is stayed for the filing of a reexamination request will be taken up by the examiner for decision six weeks after the request was filed....
 
 
 21
 MPEP Sec. 2286. The section also provides that a reply by the requester may be expedited. Goodyear argues that the section recognizes that a district court may compel a reluctant party to file requests for reexamination and that the requester might not be the patentee. However, the MPEP only concerns the conduct of proceedings before the PTO and its indication that a district court order will be responded to promptly does not authorize the district court to compel such action.
 
 
 22
 In sum, we conclude that the district court exceeded its powers by compelling Continental General to request reexamination of Goodyear's patents. No precedent has been cited by the parties or the district court which holds that a district court has the power to compel a party to request reexamination if that party does not elect to do so. As in Green and Johnson & Johnson, a party retains the right to choose whether to request such action. Both Goodyear and Continental General have chosen not to voluntarily request reexamination.[4] That choice should end the matter. If Goodyear wishes to have its patent reexamined, it has the right to do so. Because we conclude that the district court may not compel a party to seek reexamination, the district court must vacate its orders requiring such action and excluding from trial any prior art evidence that is not first presented to the PTO.[5]
 
 
 23
 Accordingly,
 
 IT IS ORDERED THAT:
 
 24
 (1) Continental General's petition for a writ of mandamus is granted.
 
 
 25
 (2) Costs to Continental General.
 
 
 
 [1]
 Neither party has argued that Continental General can appeal the orders. See generally Green v. Rich Iron Company, Inc., 944 F.2d 852, 853 n. *, 20 USPQ2d 1075, 1076 n. * (Fed.Cir.1991) (an order compelling a patentee to seek reissue has an injunctive effect)
 
 
 [2]
 Goodyear argues that it would violate equal protection rights if district courts could compel patentees, but not alleged infringers, to participate in reexamination proceedings. Goodyear's argument is based on its misreading of Vamco. As explained above, we did not review the district court's order in Vamco. Because we conclude in this order that a district court in a patent infringement case does not have the authority to compel any party to request reexamination, we need not address Goodyear's constitutional question
 
 
 [3]
 For a period of time before reexamination procedures were provided for, an applicant could file a "no defect" reissue application and in effect "seek the PTO's opinion whether prior art not considered during the original examination 'might cause the examiner to deem the original patent wholly or party inoperative or invalid' " without the applicant being required to admit that the original patent was wholly or partly inoperative or invalid. Green, 944 F.2d at 854, 20 USPQ2d at 1076. That procedure was discontinued and the patentee in Green would thus have been required "to attest to an error he does not believe exists" if compelled to seek reissue. Green, 944 F.2d at 853, 20 USPQ2d at 1076. Although that problem does not exist in compelling a party to request reexamination, Green is still relevant to the district court's order in this case
 
 
 [4]
 There is a pending request for reexamination of one of the patents at issue that was voluntarily filed by a different entity. That request does not affect our disposition of the petition
 
 
 [5]
 Because we grant the petition on the above-stated grounds, we need not consider the parties' other arguments, including those concerning the constitutionality of the district court's order