**Gary E. RHINE, Plaintiff**

v.

**CASIO, INC., et al, Defendants**

No. 396CV7524.

United States District Court,
N.D. Ohio,
Western Division.

Aug. 13, 2001.

James F. Porcello, Jr., Mark C. Schaffer, Emch, Schaffer, Schaub & Porcello, Toledo, OH, for Gary E. Rhine.

Barry D. Rein, Pennis & Edmonds, New York City, Daniel J. McMullen, Calfee, Halter & Griswold, Cleveland, OH, Kenneth L. Stein, for Casio Computer Co., Ltd.

ORDER

CARR, District Judge.

This is a patent case in which the Federal Circuit has ordered an examination into the validity of the plaintiff's patent. Following that court's decision, the defendant elected to submit the patent to an ex parte examination.

Pending is a demand by the defendant for an order granting it the right to attend and record all interviews with the examiner relating to the patent in suit. According to the defendant, the plaintiff has made numerous misstatements of fact in the course of the re-examination, and defendant desires to have any oral communications occur in its presence and/or be recorded.

Plaintiff opposes the demand, which shall be denied.

Re-examination "is an ex parte procedure with the limited focus of 'utiliz [ing] the expertise of the PTO to consider the effect of uncited prior art on the validity of a granted patent.'" *Slip Track Systems, Inc. v. Metal Lite, Inc.,* 159 F.3d 1337, 1340 (Fed.Cir.1998) (citing *In re Continental General Tire, Inc.,* 81 F.3d 1089, 1093 (Fed.Cir.1996)). And, as stated in *Continental General Tire,* "The reexamination statute was carefully crafted by Congress to . . . be a limited procedure [and g]rounds for challenge were limited, as was the role of a nonpatentee requester." 81 F.3d at 1093. Further, as noted in *In re Opprecht,* 868 F.2d 1264, 1265 (Fed.Cir.1989), "The legislative intent [with regard to reexamination proceedings] was to provide speci-

fied limits to the participation of third parties, thus adding weight to the purpose of facilitating and expediting the reexamination proceeding, as against the possible advantages of a full inter partes contest."

The meaning of "ex parte proceeding," the court stated in *United States v. Abreu,* 202 F.3d 386, 390 (1st Cir.2000) is "well established." Thus, "Black's Law Dictionary defines it as a 'proceeding in which not all parties are present or given the opportunity to be heard...[and d]one or made at the instance and for the benefit of one party only, and without notice to, or argument by, any person adversely interested.' "*Id.* (citations omitted):

A communication which occurs in the presence of an adversary is not, by its very nature, "ex parte." *See United States v. Forbes,* 150 F.Supp.2d 672 (D.N.J.2001) ("an ex parte communication is a communication which takes place between one party in a matter, without the presence of opposing party or parties, with or without notice to such other party or parties."); *see also Matter of Endicott,* 157 B.R. 255, 259 (W.D.Va., 1993) (a communication "is considered to be ex parte if an opposing party does not timely receive a copy of the submitted document.")

Defendant cites no authority, aside from Fed.R.Civ.P. 26, in support of its novel demand to intrude into the reexamination process. That rule, like all the civil rules under Fed.R.Civ.P. 1, is applicable only to "procedure in the United States district court." If granted, the defendant's demand to witness, either first-hand through attendance, or second-hand, through access to a recording or transcript to the reexamination proceedings would unavoidably reshape the nature of the proceeding.

Defendant's expressed justification for this untoward result is based on its alleged concern that the reexamination process will be fatally tainted by plaintiff's uncor-rected misstatements to the examiner. But, as noted by plaintiff, "The reexamination proceedings...are fully documented and the complete file wrapper will be available for [defendant] to review upon completion of the re-examination." (Doc. 99) Whether this feature of the proceedings suffices to give 100% protection is not material; what matters is that the essential elements of the process are open to later inspection.

Finally, it appears that if plaintiff were to be shown in further proceedings in this court to have breached the "duty of candor and good faith in dealing with the [Patent] Office," 37 C.F.R. § 1.56, redress will be available to the defendant. *See PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.,* 225 F.3d 1315, 1318 (Fed.Cir.2000) (upholding district court's finding that patents were not enforceable due to deceptive submissions to the Patent and Trademark Office).

I prefer to rely on conventional means for responding to wrongdoing, rather than attempting to fashion a response to allegations that can, if such becomes necessary, be addressed in due and customary course. It is, accordingly, hereby

ORDERED THAT defendant's request to attend interviews with the patent examiner, or have them recorded be, and the same hereby is denied.

So ordered.