NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re NADJA YANG,**
*Petitioner*

---

2026-126

---

On Petition for Writ of Mandamus to the United States Court of Federal Claims in No. 1:24-cv-00775-EGB, Senior Judge Eric G. Bruggink.

---

## ON PETITION AND MOTION

---

Before LOURIE, CHEN, and STARK, *Circuit Judges*.

PER CURIAM.

### O R D E R

Nadja Yang petitions for a writ of mandamus to, among other things, direct the United States Court of Federal Claims to grant her motion for leave to file a brief amicus curiae in *Education Creditor Trust v. United States*, No. 1:24-cv-00775-EGB.  We deny the petition.

Education Creditor Trust, among others, has sued the United States over a series of transactions with the Department of Education, and that action remains pending.  In that action, Ms. Yang, a third party, has submitted several copies of a motion for leave to file an amicus brief with her

proposed brief to the Court of Federal Claims. The court issued an order directing the clerk "to return the identified submissions to the party unfiled" because "there is no motion pending for which an amicus brief would be relevant" and because "the brief does not comply with the Rules of the Court of Federal Claims." Dkt. No. 39. Ms. Yang now petitions this court to, among other things, direct the trial court to grant her leave to file the brief.

A petitioner seeking the extraordinary remedy of mandamus must show: (1) "no other adequate means to attain the relief [s]he desires," (2) a "clear and indisputable" right to relief, and (3) the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (cleaned up). Ms. Yang has not satisfied that standard here. "The grant or denial of a request to intervene or to appear as *amicus* is discretionary with the court." *In re Opprecht*, 868 F.2d 1264, 1266 (Fed. Cir. 1989) (citation omitted). Ms. Yang's submissions to this court do not demonstrate clearly and indisputably that the Court of Federal Claims acted outside the permissible range of discretion in its consideration of her amicus submissions.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is denied.

(2)  All pending motions are denied as moot.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 21, 2026
        Date