**BAKER PERKINS, INC.,**
**Appellant-Petitioner,**

v.

**WERNER & PFLEIDERER CORPORATION, Appellee-Respondent.**

**Appeal No. 83–863.**

United States Court of Appeals,
Federal Circuit.

June 29, 1983.

---

John F. Learman, Saginaw, Mich., for appellant-petitioner.

Peter F. Felfe, New York City, for appellee-respondent.

Before NICHOLS, BALDWIN and KASHIWA, Circuit Judges.

## ON MOTION AND ON PETITION FOR WRIT OF MANDAMUS

### ORDER

BALDWIN, Circuit Judge.

Baker Perkins, Inc. (Baker Perkins), appeals to this court from an order of the United States District Court for the District of New Jersey, entered February 23, 1983. The February 23 order directs Baker Perkins to petition the United States Patent and Trademark Office (PTO) to revive an abandoned reissue application for a patent that is now expired. The order also directs the PTO to revive the abandoned reissue application and to prosecute the reissue application to a final determination with full participation by Werner & Pfleiderer Corporation (Werner & Pfleiderer).

Apparently anticipating difficulty in establishing a final judgment from which an appeal may be taken, Baker Perkins alternatively petitions this court for a Writ of Mandamus, pursuant to 28 U.S.C. § 1651 (1976), compelling the district court to vacate its order. Finally, Baker Perkins requests that the entire matter be transferred to an appropriate United States Court of Appeals in the event this court finds it has no jurisdiction to hear an appeal or issue a Writ of Mandamus.

Werner & Pfleiderer has moved to dismiss the appeal for lack of jurisdiction and has opposed the issuance of a Writ of Mandamus. The parties have briefed the issues in this case and the PTO has filed a memorandum, at the request of this court, concerning its authority and ability to comply with the district court's order.

On the record now before this court, Werner & Pfleiderer's motion to dismiss the appeal for lack of jurisdiction is granted. Baker Perkins' petition for a writ of mandamus is denied and the request for transfer of this matter to a different court is denied.

### Discussion

This appeal and petition for Writ of Mandamus arise from an action for declaratory judgment filed by Werner & Pfleiderer in July, 1979. The complaint sought declaratory judgment regarding the validity of U.S. Patent No. 3,195,868 ('868 patent), issued July 20, 1965, and owned by Baker Perkins. Baker Perkins answered the complaint filed by Werner & Pfleiderer and counterclaimed for damages for patent infringement.

In compliance with an order of the district court, entered in June, 1980, Baker Perkins filed a reissue application, Serial No. 06/190,011 (first reissue application) on the '868 patent. The reissue application was filed under 37 CFR 1.175(a)(4) (1981), together with items of prior art, for the purpose of having the claims of the issued patent reexamined in the light of submitted prior art. The regulation under which the application was filed was known as the "no defect" reissue provision through which the PTO gave advisory opinions on validity. Werner & Pfleiderer agreed to be bound by the decision of the PTO, but the patent owner, Baker Perkins, did not agree to be bound.

Several events affecting this case occurred after the first reissue application was filed. The involvement of a protester in a reissue application filed after December 8, 1981, was restricted to the filing of a formal protest. 37 CFR 1.291 (1982). On April 14, 1982, Baker Perkins expressly abandoned the first reissue application in favor of a continuing reissue application Serial No. 06/368,649 (second reissue application). A new claim, new arguments and new evidence were subsequently introduced into the second reissue application. The "no defect" reissue procedure authorized by 37 CFR 1.175(a)(4) (1981) was eliminated in July, 1982. *See generally In re Dien,* 680 F.2d 151 (Cust. & Pat.App.1982). By the end of July, the '868 patent owned by Baker Perkins expired before a final decision had been reached in the second reissue application.

The PTO informed the parties that the patent sought to be reissued had expired and that no further proceedings would occur unless both parties consented, or the district court requested some form of further proceedings. The PTO set a deadline of December 23, 1982 for the parties or the court to submit their comments. Baker Perkins timely filed its comments with the PTO, asserting there was no legal basis for continuing the reissue proceedings. Werner & Pfleiderer failed to respond by the December 23 deadline and no comment was made by the district court. Werner & Pfleiderer requested permission in January, 1983, to file comments late, but the request was denied by the PTO because they had never filed a formal protest in the continuation application and because the rules appli-

cable to applications filed after December 8, 1981 do not permit participation by a protester in the prosecution of an application beyond the filing of a formal protest.

To skirt the stalemate on the second reissue application, Werner & Pfleiderer moved the district court to compel completion of the first reissue application. The district court granted the motion and ordered, in part:

> (1) That the United States Patent and Trademark Office (PTO) be and hereby shall continue and complete examination of reissue application Serial No. 06/190,011 [the first reissue application] filed by Defendant, with the full participation by Plaintiff as Protester in accordance with this Court's Order of June 9, 1980.

> (2) That Defendant shall petition the PTO to revive its above identified reissue application and shall prosecute the reissue application to a final determination by the PTO.

It is this order that Baker Perkins seeks to have reviewed on appeal or to have vacated through a Writ of Mandamus.

The PTO has asserted in the memorandum it filed in this court that it has no authority to comply with the above order. However, Baker Perkins has not attempted to comply with the district court's order and the PTO has therefore not been formally presented with a petition on which it could act. The PTO has not sought to intervene in the district proceeding and is not a party before this court.

*The Appeal*

■ Baker Perkins argues that the district court's order is appealable under the "collateral order" doctrine established by *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). The collateral order doctrine permits an interlocutory order to be deemed a final order for the purpose of appellate review where "the order is based on a claim separate from, and collateral to, the rights

asserted in the underlying cause of action." *Montgomery Ward & Co., Inc. v. Zenith Radio Corp.,* 673 F.2d 1254, 1259 n. 8 (Cust. & Pat.App.1982). To appeal under the collateral order doctrine, an appellant must identify a right that will be lost if the decision is not immediately reviewed. In *Montgomery Ward,* for instance, a discovery order was deemed appealable where confidential information had been held to be subject to discovery, and the appellant could not resist or force the custodian of the information to resist compliance with the discovery order. The threatened loss of the right to maintain confidential documents secret, satisfied the requirement of the collateral order doctrine.

■ In the present case, Baker Perkins has not identified a particular right which will be lost, absent an appeal. The order appealed from simply compels Baker Perkins to petition the PTO and to participate in proceedings conducted in response to the petition. There is no certainty that the PTO will conduct any proceeding at all in response to a petition filed by Baker Perkins. It would therefore be premature to conclude that Baker Perkins will be required to participate in an improper proceeding if Baker Perkins complies with the portion of the district court's order requiring the filing of a petition. Because of this uncertainty, Baker Perkins has not clearly shown a right that will be lost or impaired absent an appeal at this time.

This conclusion pertains only to Baker Perkins and does not mean that the PTO has the authority to proceed in accordance with the district court's order. We do not reach that question here since the PTO is not before this court or a party to the litigation. If a petition to revive is submitted to, and denied by, the PTO, the district court would presumably have to determine whether it may lawfully compel further reissue proceedings through its contempt powers. If that occurred, the PTO may be able to identify a right to conduct its operations in accordance with its own

regulations and statutory requirements, but that right cannot presently be asserted by Baker Perkins. We therefore hold that Baker Perkins cannot now appeal the district court's order under the "collateral order" doctrine.

*Writh of Mandamus*

The All Writs Act is not an independent basis of jurisdiction, and the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction. *Godtfredsen v. Banner,* 598 F.2d 589 (Cust. & Pat.App. 1979); *Duffy v. Tegtmeyer,* 489 F.2d 745 (Cust. & Pat.App.1974). Since the district court's jurisdiction in the declaratory judgment action between Baker Perkins and Werner & Pfleiderer is based on 28 USC 1338, this court has jurisdiction to hear this petition for a Writ of Mandamus.

Although this court has jurisdiction to entertain the petition for Writ of Mandamus filed by Baker Perkins, the issuance of a writ would be premature in this case. Since Baker Perkins has not filed a petition to reopen the first reissue application, the PTO has not had an opportunity to formally deny or grant such a petition. Until at least that action has occurred, there is no certainty that the PTO will initiate the proceeding required by the first paragraph of the district court's order. If the PTO denies the petition, a dispute would arise between the district court and the PTO regarding the propriety of the district court's order. How that dispute would ultimately be resolved need not be addressed here. It is sufficient to simply note that the possibility of such a denial by the PTO abrogates the need for a Writ of Mandamus at this time.

*Motion for Transfer*

Baker Perkins' motion for transfer is denied. This court has jurisdiction over the Petition for Writ of Mandamus and is the proper forum for an appeal in this case

properly taken under the *Cohen* "collateral order" doctrine. Our holdings that the requirements of the "collateral order" doctrine have not been met and that a writ is not necessary in this case, do not entitle Baker Perkins to a transfer. Baker Perkins' motion for transfer is therefore denied.