EMERSON ELECTRIC CO., Plaintiff,

v.

DAVOIL, INC. d/b/a Quorum International, and The Fan Connection d/b/a Dan's Fan City, Defendants.

No. 4:94CV1291 CDP.

United States District Court,
E.D. Missouri,
Eastern Division.

Dec. 21, 1995.

David A. Roodman, Bryan Cave, St. Louis, MO, Daniel A. Boehnen, Lawrence H. Aaronson, Christopher J. Renk, Chicago, IL, for plaintiff.

Lawrence E. Evans, Jr., John D. Hussmann, Herzog and Crebs, St. Louis, MO, Duke W. Yee, Kenneth C. Hill, Felsman and Bradley, Ft. Worth, TX, for defendants.

### MEMORANDUM AND ORDER

PERRY, District Judge.

This matter is before the Court on plaintiff Emerson Electric Co.'s motion to stay this litigation pending patent office examination of the patent in suit, and on defendants' similar motion. After having weighed the benefits and costs of issuing the stay, the Court concludes that it is appropriate to grant it, pending the final outcome of the reexamination of U.S. Patent No. 4,408,150 (the " '150 patent") and any subsequent appeals. The Court furthermore finds that defendants' (collectively "Quorum") limited participation in the reexamination's document submission phase will simplify the issues for

trial and will benefit the litigation. Therefore, the Court will also order that Emerson permit defendants to supplement Emerson's reexamination submissions with their own documents and affidavits.

### I. *Facts*

On September 11, 1995, a third party whose identity is unknown to Emerson and Quorum filed a request for reexamination of the '150 patent, and on November 14, 1995, the U.S. Patent and Trademark Office ("PTO") granted the request. Emerson now moves to have the Court stay the present litigation, pending the PTO reexamination of the '150 patent.

Quorum previously moved to stay the litigation pending reexamination, asserting that it intended to file a request for reexamination with the PTO, although it has never done so. At that time Emerson opposed the stay of litigation. Quorum now objects to Emerson's request for a stay, implying that it is sought this late in the discovery process for tactical reasons and contending that the stay will damage Quorum's business and prevent Quorum from being provided a fair opportunity to present its case to an impartial tribunal. Quorum also argues that if Emerson's motion for a stay is granted, Quorum should be allowed to participate in the reexamination of the '150 patent and in any appeals which may follow.

### II. *Discussion*

In patent litigation courts "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426 (Fed.Cir.1988) (citation omitted). The rationale for the reexamination process is to increase the reliability of the PTO's action in originally issuing the patent by providing for the reexamination of those patents thought doubtful. *In re Etter,* 756 F.2d 852, 857 (Fed.Cir.), *cert. denied, Etter v. Commissioner of Patents & Trademarks,* 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985). Additionally, "[w]hen the patent is concurrently involved in litigation, an auxiliary function [of the reexamination] is to free the court from any need to consider prior art without the benefit of the PTO's initial con-

sideration." *Id.; see also Ethicon,* 849 F.2d at 1426 (finding that Congress meant "the validity of a patent to be tested in the Patent office where the most expert opinions exist" when it passed 35 U.S.C. § 302 *et seq.*); *United Sweetener USA, Inc. v. Nutrasweet Co.,* 766 F.Supp. 212, 217 (D.Del.1991) (granting stay pending reexamination and finding that "the administrative review scheme set up by Congress will help to sharpen and simplify the issues ... before the [ ] patent once again darkens our door").

In *Robert H. Harris Co. v. Metal Mfg. Co.,* 19 U.S.P.Q.2d 1786, 1991 WL 217666 (E.D.Ark.1991), the court granted defendant's motion to stay the litigation. In *Harris,* trial was set for the following month, but the court found that, because the case had not "run an overly protracted course," and because the court was persuaded that the defendant did not abuse the reexamination process in an attempt to delay the trial proceedings, the benefits of granting the stay outweighed the costs. *Id.* at 1789. Although here it would have been preferable for Emerson to have filed its motion for the stay closer to November 14, 1995, when the reexamination request was granted, the Court does not find that Emerson purposely abused the reexamination process or that this patent suit has run such a protracted course that staying this case is inappropriate. Indeed, this case is even stronger than *Harris* in that the *Harris* court granted the stay pending the PTO's decision as to whether the reexamination request would be granted. *Id.* In the instant case the decision to grant the reexamination has already been made and the PTO has already determined that there is a "substantial new question of patentability" affecting one or more of the '150 patent's claims in the instant case. *See* 35 U.S.C. § 304. Staying the case pending reexamination appears entirely appropriate under the circumstances of this case.

Turning to Quorum's request that the Court order Quorum's participation in the reexamination process, the Court finds that Quorum's participation in the reexamination's document submission phase will contribute to a more accurate resolution of the patent va-

lidity issues and therefore is appropriate. Members of the public, such as Quorum, are generally not permitted to separately submit papers and arguments to the PTO in a case such as this. *See* 37 C.F.R. § 1.550. In *In re Blaese*, 19 U.S.P.Q.2d 1232, 1235 (Comms'r Pat. & Trademark 1991), however, a court order directing the applicant to allow a non-protestor to "participate in all phases of the reissue proceedings before the Patent Office" was found to be consistent with 37 C.F.R. § 1.291 (forbidding active participation by a member of the public in a pending application beyond the filing of a protest) and was found not to be barred by separation of powers concerns because the order was directed not to the PTO, but to the applicant.

Although *In re Blaese* dealt with a reissue proceeding, the Court finds that the procedures established in 37 C.F.R. § 1.291 governing reissue proceedings are analogous to those in 37 C.F.R. § 1.550 governing reexamination proceedings, and furthermore finds the logic underlying *In re Blaese* to be applicable to the case at bar. Therefore, this Court's order does not implicate any separation of powers concerns and does not thwart the intent and purpose of 37 C.F.R. § 1.550. *See generally Blaese*, 19 U.S.P.Q.2d at 1235 ("Insofar as [the] PTO is concerned, any submission by an applicant which includes (1) the applicant's views, and (2) the views of another, is a response by the applicant.").

In order to simplify the issues and to benefit the litigation, the Court will require that Emerson: (1) promptly provide Quorum's counsel with all relevant correspondence from the PTO, (2) provide Quorum with copies of all documents filed by Emerson in the reexamination at least two weeks prior to the submission to the PTO, and (3) include documents prepared by Quorum along with those documents filed by Emerson in the reexamination, including any affidavits, so as to enable Quorum to effectively participate in the document submission portion of the reexamination.

■ Quorum's request that it be allowed to be present during all interviews with an examiner concerning this examination will be rejected, however, because an order embodying such a request appears to amount to a

constitutionally impermissible order directed at the PTO mandating that it allow the participation of a non-applicant in a PTO proceeding. *See, e.g.,* 37 C.F.R. § 1.560 (stating that interviews between the examiners and the owners of the patent, their lawyers, or their agents of record must be conducted during business hours unless the Commissioner permits otherwise and that "[r]equests that reexamination requesters participate in interviews with examiners will not be granted"); *see also Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office,* 882 F.2d 1570, 1573 (Fed.Cir.1989) (holding that "a reexamination is conducted ex parte after it is instituted"). Additionally, the Court finds that Quorum's interests will be adequately addressed by allowing participation in the document process as set forth above, and that the additional participation requested by Quorum is not necessary.

Finally, the Court notes that at the time Quorum initially sought a stay of this litigation, Emerson filed a motion for preliminary injunction, which it requested be issued only if Quorum's motion for a stay were granted. When Emerson recently filed its own motion for a stay, it made no mention of the prior request for preliminary injunctive relief. As it appears that the parties' positions have changed considerably, the Court will deny the motion for preliminary injunction as moot, without prejudice to Emerson's right to request relief from the stay for the purpose of reasserting the preliminary injunction motion, if it later should believe it appropriate to seek such relief.

Accordingly,

**IT IS HEREBY ORDERED** that Quorum's motions for immediate stay of these cases [# 25–1] and for an order allowing Quorum to participate in a reexamination proceeding before the PTO [# 25–2] are granted in part.

**IT IS FURTHER ORDERED** that Emerson's motion for a preliminary injunction [# 29–1] is denied as moot without prejudice.

**IT IS FURTHER ORDERED** that defendant Fan Connection, *et al.'s* motion for a hearing [# 36–1] is denied as moot.

**IT IS FURTHER ORDERED** that Emerson's motion to stay this litigation pending PTO reexamination of the patent in suit [# 45–1] is granted.

**IT IS FURTHER ORDERED** that the trial setting and Case Management Order in this case are vacated and the case is STAYED pending reexamination by the PTO. The parties shall notify the Court within thirty (30) days after conclusion of the reexamination proceedings.

**IT IS FURTHER ORDERED** that during the reexamination proceedings Emerson shall (1) promptly provide Quorum's counsel with all relevant correspondence from the PTO, (2) provide Quorum with copies of all documents filed by Emerson in the reexamination at least two weeks prior to the submission to the PTO, and (3) include documents prepared by Quorum along with those documents filed by Emerson in the reexamination, including any affidavits, so as to enable Quorum to effectively participate in the document submission portion of the reexamination.