911 F.Supp. 380 (1996)
EMERSON ELECTRIC CO., Plaintiff,
v.
DAVOIL, INC. d/b/a Quorum International, and The Fan Connection d/b/a Dan's Fan City, Defendants.
No. 4:94CV1291.
United States District Court, E.D. Missouri, Eastern Division.
January 18, 1996.
*381 David A. Roodman, Associate, Bryan Cave, St. Louis, MO, Daniel A. Boehnen, Lawrence H. Aaronson, Christopher J. Renk, Chicago, IL, for Emerson Elec. Co.
Lawrence E. Evans, Jr., Associate, Herzog and Crebs, St. Louis, MO, Duke W. Yee, Kenneth C. Hill, Felsman and Bradley, Fort Worth, TX, for Quorum Intern., Inc., Dan's Fan City.
Lawrence E. Evans, Jr., Associate, John D. Husmann, Herzog and Crebs, St. Louis, MO, Duke W. Yee, Kenneth C. Hill, Felsman and Bradley, Fort Worth, TX, for Davoil, Inc., The Fan Connection.

MEMORANDUM AND ORDER
PERRY, District Judge.
This case is before the Court on plaintiff's motion for reconsideration and clarification of the Court's December 21, 1995, Order staying this litigation pending patent office reexamination of the patent in suit. Having considered the arguments now raised by the parties, the Court will deny plaintiff's motion for reconsideration and clarification in part and grant it in part.

I. Facts

A third unidentified party filed a request for reexamination of U.S. Patent No. 4,408,150 (the "'150 patent") on September 11, 1995. On November 14, 1995, the U.S. Patent and Trademark Office ("PTO") granted the request. In response to defendant Quorum's motion, this Court held that it was appropriate to stay the case pending the outcome of the PTO's reexamination process in its December 21, 1995, Order. This Court furthermore ordered plaintiff Emerson to promptly provide defendant's counsel with all relevant correspondence from the PTO, to provide defendant with copies of all documents filed by plaintiff in the reexamination at least two weeks prior to the submission to the PTO, and to include documents prepared by defendant along with those documents filed by plaintiff in the reexamination, including any affidavits, so as to enable defendant to effectively participate in the document submission portion of the reexamination.
In its motion for reconsideration and clarification, plaintiff argues that this Order is inconsistent with the statutory and regulatory framework of the reexamination proceedings, that it is internally inconsistent in that it denies defendant's participation in the oral *382 phase of the proceedings while allowing defendant's participation in the document submission phase, and that it unfairly deprives plaintiff of half the time that it is ordinarily granted to respond to PTO actions.

II. Discussion

As set forth in the Court's December 21, 1995, Order, patent litigation courts "have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO examination." Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426 (Fed.Cir.1988) (citation omitted). After considering again the arguments raised by plaintiff, the Court again concludes that the circumstances of the instant case make issuance of the stay entirely appropriate.
Plaintiff's primary disagreement appears to be with the Court's finding that defendant's participation in the document submission phase of the reexamination proceeding is appropriate and not barred by separation of powers concerns. Plaintiff cites to the 1995 edition of the PTO Manual of Patent Examining Procedure ("MPEP") as support for its argument. Section 2254 of the MPEP provides that "[t]he patent owner cannot file papers on behalf of the requester and thereby circumvent the intent of the legislation and the rules"; section 2254 interprets 37 C.F.R. § 1.550(e), which states that "no submissions on behalf of any third parties will be acknowledged or considered [except under certain circumstances]."
The Court again concludes that the holdings of In re Blaese, 19 U.S.P.Q.2d 1232 (Comms'r Pat. & Trademark 1991), and In re Chambers, 20 U.S.P.Q.2d 1470 (Comms'r Pat. & Trademark 1991), provide guidance for rejection of plaintiff's argument. 37 C.F.R. § 1.291(c), which concerns reissue proceedings, explicitly forbids participation by members of the public in a pending application beyond the filing of the protest, and states that "no further submission on behalf of the protestor will be considered [except under certain circumstances]." Blaese found a court order directing the applicant to allow a non-protestor to "participate in all phases of the reissue proceeding before the Patent Office" to be consistent with 37 C.F.R. § 1.291(c) and not to be barred by separation of powers concerns because the Order was directed to the applicant and not to the PTO. The logic of Blaese also applies to the very similar regulation at issue here, 37 C.F.R. § 1.550(e), which states that "no submissions on behalf of any third parties will be acknowledged or considered [except under certain circumstances]."
Chambers, 20 U.S.P.Q.2d at 1470, provides direct support for this interpretation of 37 C.F.R. § 1.550(e). Like the instant case, Chambers involved a reexamination proceeding; Chambers also explicitly applied the Blaese rationale. In Chambers, a federal bankruptcy court ordered limited participation by a third party in the document-submission phase of a reexamination proceeding. Id. at 1473. The court stated that:
A patent owner is the only entity authorized to participate in the merits phase of a reexamination proceeding. PTO rules do not permit a `third party' to participate in the merits phase of a reexamination proceeding. [Shatterproof, a party with an interest in maintaining the patent,] is not entitled to participate in the reexamination because it is not an owner.
* * * * * *
In view of In re Blaese ... [the] PTO regards the petition, together with the attachment prepared by Shatterproof, as having been filed [by the patent owner], the entity entitled to prosecute the reexamination proceedings.
Id. at 1472-73. The Chambers holding thus provides direct support for the proposition that the Blaese logic applies to reexamination proceedings, and it creates a limited exception to 37 C.F.R. § 1.550(e)'s general prohibition against third-party participation.
The Court disagrees with plaintiff's argument that MPEP section 2254 "shows that such `logic' does not apply in this case." The language contained in the 1995 edition of the MPEP is identical to the language contained in the 1989 version of the MPEP. The manual's interpretation of the regulation simply does not address the limited exception recognized here and in Chambers and Blaese.
*383 Plaintiff also argues that allowing defendant's participation during the document-submissions phase, while denying defendant's request to be present during all interviews with an examiner concerning the examination, is "internally inconsistent." While Blaese and Chambers allow certain limited participation by non-parties in the document-submission phase of a reexamination proceeding, the same rationale does not apply to 37 C.F.R. § 1.560's prohibition against participation of third parties in PTO interviews. Indeed, the Court read Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office, 882 F.2d 1570, 1573 (Fed.Cir.1989), as standing for the proposition that participation of third parties during interviews is not permissible. Because ordering the PTO to allow defendant to be present and to participate during PTO interviews raises separation of powers concerns which are entirely distinct from the concerns raised by defendant's limited participation during the document-submission phase, plaintiff's claim of internal inconsistency is unavailing.
The Court agrees with plaintiff that the portion of the Court's Order directing plaintiff to provide defendant with copies of all documents filed by plaintiff in the reexamination at least two weeks prior to their submission to the PTO unnecessarily restricts plaintiff's time to respond to PTO actions. The Court does not, however, find merit in plaintiff's argument that the Court's Order "constitutes and unconstitutional and impermissible taking of [plaintiff's] response time." The Court's Order does not force plaintiff to file its documents in response to a PTO action in less than one month and does not infringe upon the response time granted to plaintiff by the regulation. The Court's order simply provides a mechanism for defendant to know what plaintiff is submitting so defendant will have an opportunity to provide additional materials for plaintiff's submission. Because the practical effect of the Order is to force plaintiff to have its documents prepared two weeks in advance of their actual due-date, the Court will, in the interest of fairness amend its previous Order and will require that plaintiff send defendant copies of the documents it intends to file with the PTO five business days before the submission date.
Accordingly,
IT IS HEREBY ORDERED Emerson's motion for reconsideration and clarification the Court's December 21, 1995, Order [# 52] is denied in part and granted in part.
IT IS FURTHER ORDERED that the December 21, 1995 Order is amended only insofar as Emerson shall be required to provide Quorum with copies of all documents to be filed by Emerson in the reexamination at least five business days before they are submitted to the PTO, instead of two weeks before submission.
IT IS FURTHER ORDERED that Emerson's oral request for a stay of this Order pending appeal is denied.