**EMERSON ELECTRIC CO.,**
**Plaintiff–Appellant,**

v.

**DAVOIL, INC. d/b/a Quorum International and The Fan Connection d/b/a Dan's Fan City, Defendants–Appellees.**

**No. 96–1202.**

United States Court of Appeals,
Federal Circuit.

July 9, 1996.

Daniel A. Boehnen, Banner & Allegretti, Ltd., Chicago, Illinois, argued for plaintiff-appellant. With him on the brief was Laura J. DeMoor.

Kenneth C. Hill, Felsman, Bradley, Gunter & Dillon, L.L.P., of Fort Worth, Texas, argued for defendants-appellees. With him on the brief was Duke W. Yee. Of counsel was Mark D. Perdue.

Before SCHALL, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and BRYSON, Circuit Judge.

FRIEDMAN, Senior Circuit Judge.

The question is whether a federal district court in a patent infringement suit may order the patentee to file, in a patent reexamination proceeding in the U.S. Patent and Trademark Office, papers prepared by the alleged infringer in addition to the patentee's own submission. We conclude that the district court does not have that power and therefore we reverse the portion of the district court's order that so requires.

## I.

The appellant, the patentee Emerson Electric Co. (Emerson), brought a patent infringement suit against two defendants (collectively "Quorum") in the United States District Court for the Eastern District of Missouri. When a third party filed a request for reexamination of the patent and the Commissioner of Patents and Trademarks granted reexamination, Emerson moved for a stay of the patent suit. *See Emerson Elec. Co. v. Davoil, Inc.,* 907 F.Supp. 1303, 1304, 37 USPQ2d 1524 (E.D.Mo.1995). The district court granted a stay of the litigation and

> FURTHER ORDERED that during the reexamination proceedings Emerson shall (1) promptly provide Quorum's counsel with all relevant correspondence from the [patent office], (2) provide Quorum with copies of all documents filed by Emerson in the reexamination at least two weeks prior to the submission to the PTO, and (3) include documents prepared by Quorum along with those documents filed by Emerson in the reexamination, including any affidavits, so as to enable Quorum to effectively participate in the document submission portion of the reexamination.

907 F.Supp. at 1306, 37 USPQ2d at 1527. On reconsideration, the court modified its order to require Emerson to provide Quorum with Emerson's filings only five days before their submission to the patent office, rather than two weeks. *See Emerson Elec. Co. v. Davoil, Inc.,* 911 F.Supp. 380, 383, 37 USPQ2d 1524, 1529 (E.D.Mo.1996).

In imposing this requirement, the district court relied on two published decisions of the Commissioner of Patents and Trademarks. *In re Blaese,* 19 USPQ2d 1232 (U.S. Patent and Trademark Office Commissioner of Patents and Trademarks 1991), and *In re Chambers,* 20 USPQ2d 1470 (U.S. Patent and Trademark Office Commissioner of Patents and Trademarks 1991). In each of those cases, a district court had issued orders similar to that in the present case. In *Blaese,* a reissue proceeding, the Commissioner treated the papers of the defendant that the applicant had submitted to the Patent and Trademark Office pursuant to an order of the district court as submitted by the applicant. *In re Blaese,* 19 USPQ2d at 1235. In *Chambers,* a reexamination proceeding, the Commissioner, relying on *Blaese,* treated the papers of the non-applicant filed pursuant to an order of the bankruptcy court, as filed by the applicant for reexamination. *In re Chambers,* 20 USPQ2d at 1472–73.

Emerson's appeal challenges the above-quoted portion of the district court's order. After oral argument, this court stayed that portion.

## II.

■ Quorum has moved to dismiss the appeal, on the ground that the district court's order is not a final judgment and therefore that we have no jurisdiction to review it. We hold, however, that the order is reviewable under the collateral order doctrine enunciated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In *Cohen,* the Court recognized that there is a "small class" of decisions that, although not final in the sense that they terminate the litigation, are reviewable because they "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." *Id.* at 546, 69 S.Ct. at 1225–26.

The Supreme Court has summarized the conditions necessary for appealability under the *Cohen* standard as follows:

> First, the order must "conclusively determine the disputed question." Second, the order must "resolve an important issue completely separate from the merits of the action." Third and finally, the order must be "effectively unreviewable on appeal from a final judgment."

*Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 276, 108 S.Ct. 1133, 1136–37, 99 L.Ed.2d 296 (1988) (citations omitted); *see also Lariscey v. U.S.,* 861 F.2d 1267, 1269, 8 USPQ2d 2007, 2009–10 (Fed. Cir.1988).

We hold that the portion of the order of the district court that Emerson here challenges satisfies these three requirements and therefore is directly reviewable.

The order "conclusively determine[d] the disputed question" whether Emerson is required to include Quorum's documents in its submission to the Patent and Trademark Office in the pending reexamination proceedings. Quorum, however, asserts that because the patent office could refuse to consider Emerson's submission of Quorum's documents, the order "does not conclusively determine the effect of Quorum's participation in the reexamination."

The "disputed question" in this case, however, is not what "the effect of Quorum's participation in the reexamination" will be, but whether Emerson must facilitate that participation. The district court "conclusively determine[d]" that it must. The first requirement of the *Cohen* test is satisfied. *Cf. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 13, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983); *Praxis Properties, Inc. v. Colonial Sav. Bank*, 947 F.2d 49, 55–56 (3d Cir.1991).

*Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 218 USPQ 577 (Fed. Cir.1983), upon which Quorum relies, does not compel a contrary conclusion. There we determined that a district court's order that a party revive a patent reissue application was not final because "[t]here is no certainty that the [patent office] will conduct any proceeding at all in response to a petition filed by Baker Perkins." 710 F.2d at 1564, 218 USPQ at 579. In the present case, however, the Solicitor of the Patent and Trademark Office stated at oral argument that the Office would accept Emerson's submission on behalf of Quorum. The uncertainty present in *Baker Perkins, Inc.*, therefore, is not present in this case.

The second requirement of the *Cohen* test, which Quorum does not contest, was satisfied because the order resolved the issue whether Emerson is required to submit Quorum's documents in the reexamination proceedings. That issue is "completely separate" from the merits of the patent infringement suit, which presumably involves questions of validity, infringement and damages.

The third requirement—that the order must be "effectively unreviewable on appeal from a final judgment"—also is satisfied. On appeal from the final judgment in the patent infringement action, a reviewing court could not discern the effect of the district court's present order on the outcome of the patent case. Indeed, it might be impossible even to determine what effect, if any, the submission of Quorum's documents had in the patent reexamination proceedings.

Quorum argues that the third requirement is not met because "[s]hould the [patent office] act improperly, or should Emerson's rights be harmed in any way during the reexamination, Emerson has the right to appeal at that time." The "final judgment" under the *Cohen* rule, however, is the final judgment in the patent infringement suit in which review is sought, not the final order in the administrative reexamination proceedings.

### III.

In *In re Continental General Tire, Inc.*, 81 F.3d 1089, 38 USPQ2d 1365 (Fed.Cir.1996), this court recently issued a writ of mandamus to compel a district court to vacate an order requiring an alleged infringer in a patent suit to file with the Patent and Trademark Office a request for reexamination of the allegedly infringed patents. This court stated that although the "statute [authorizing a request for reexamination], on its face, permits any party to file a request for reexamination, it does not empower a district court to compel a party to file such a request or require that any party file such a request. We do not choose to read into the statute a requirement that is not there." 81 F.3d at 1091, 38 USPQ2d at 1367. The court "conclude[d] that the district court exceeded its power by compelling Continental General to request reexamination of Goodyear's patents. No statute or precedent has been cited by the parties or the district court which holds that a district court has the power to compel a party to request reexamination if that party does not elect to do so. We will not read into the statute a power that clearly is not

present." 81 F.3d at 1093, 38 USPQ2d at 1369.

 Similar reasoning leads to the conclusion that in the present case the district court exceeded its authority when it required Emerson, as a condition of a stay of the patent suit, to file with the Patent and Trademark Office Quorum's documents together with its own response to the reexamination request. The determination of what documents to file in a reexamination proceeding is no less committed to the discretion of the patentee than the decision by the alleged infringer whether to file a reexamination request was committed to its discretion in *Continental General Tire.*

In conditioning the stay of the infringement suit on Emerson's submitting Quorum's documents to the Patent and Trademark Office, the district court relied on the two decisions of the Commissioner previously discussed (which provide no authority for the court's action) and its " 'inherent power to manage [its] docket[ ] and stay proceedings.' " *Emerson Elec. Co.,* 907 F.Supp. at 1304, 37 USPQ2d at 1526 (quoting *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426, 7 USPQ2d 1152, 1155 (Fed.Cir.1988)); *Emerson Elec. Co.,* 911 F.Supp. at 382, 37 USPQ2d at 1528 (same). Although "[d]istrict courts unquestionably have substantial inherent power to manage their dockets," *In re NLO, Inc.,* 5 F.3d 154, 157 (6th Cir.1993); *see also Sherman v. United States,* 801 F.2d 1133, 1135 (9th Cir.1986) (Federal courts have broad inherent powers "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.") (citation omitted), "[t]here are obvious dangers in too broad an interpretation of the federal courts' inherent power to regulate their procedure." *In re NLO, Inc.,* 5 F.3d at 158 (citation omitted). The district court's action in the present case exceeded the bounds of its inherent power.

In *Continental General Tire* this court stated that "a court's power to stay proceedings pending reexamination [does not] empower it to direct that reexamination be requested." *In re Continental General Tire, Inc.,* 81 F.3d at 1092, 38 USPQ2d at 1368. Similarly, the district court's power to stay does not authorize it to direct that Emerson

must include Quorum's documents in its filings in the Patent and Trademark Office in the reexamination proceedings. "A party's choice [of what, if anything, to file with the patent office in a reexamination proceeding] should remain undisturbed by the courts." *Id.* The district court's order in the present case thus went beyond its "inherent power to manage [its] docket[ ] and stay proceedings." *Ethicon, Inc.,* 849 F.2d at 1426, 7 USPQ2d at 1155.

## CONCLUSION

The portion of the order of the district court quoted above is reversed.

*REVERSED.*