NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **MICHAEL A. HENRY BEY,**
*Petitioner*

2019-115

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida in No. 9:18-cv-80953-DMM, Judge Donald M. Middlebrooks.

**ON PETITION**

PER CURIAM.

## O R D E R

This is the second time Michael A. Henry Bey has attempted to seek this court's review of a matter relating to the foreclosure and sale of his former property. In the first case, *Henry Bey v. Bank of New York Mellon*, No. 2018-1480 (Fed. Cir. Apr. 6, 2018), we dismissed for lack of jurisdiction. He now petitions this court for a writ of mandamus relating to a second-related complaint. We again dismiss.

Mr. Henry Bey filed the underlying complaint in federal district court against the parties involved in the sale of property he previously owned and was ejected from after a foreclosure judgment. The district court dismissed the complaint for lack of jurisdiction, concluding that Mr.

Henry Bey's attempts to invoke the Federal Trade Commission Act, 31 U.S.C. § 5103, 12 U.S.C. § 1813(l)(1), 12 U.S.C. § 95(a), and general references to land patents did not establish federal question jurisdiction, and that there was no diversity jurisdiction.  Mr. Henry Bey now petitions this court to direct the district court to "rule on [his] Motion to Compel Judgment on Motion for Summary Judgments"; "to issue Judgment in [his] favor"; "to promptly rule upon [his] Motion for Reconsideration of the order of dismissal"; and "to vacate the order [of] dismissal."

As this court previously informed Mr. Henry Bey, the Federal Circuit is a court of limited jurisdiction.  With regard to appeals from district courts, and by extension requests for mandamus relief, our subject matter jurisdiction is limited to cases that arise under the patent laws, *see* 28 U.S.C. § 1295(a)(1), or certain cases brought against the United States that arise in whole or in part under 28 U.S.C. § 1346, *see* § 1295(a)(2); *see also  Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983) ( "The All Writs Act is not an independent basis of jurisdiction, and the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction.").

We cannot agree with Mr. Henry Bey's assertion that this court has subject matter jurisdiction over the current matter because the "respondent [Duke Partners II, LLC] ejected the petitioner from his private, indigenous, property, via, a Writ of Possession, without his consent and without just compensation, in total disregard of his recorded Land Patent."  As we previously explained, this court's jurisdiction extends only to patents for inventions, not land patents.  *See* 28 U.S.C. § 1295(a)(1); 28 U.S.C. § 1338; *see also Ealey v. Wash. Mut. Bank*, 71 F. App'x 825, 825 (Fed. Cir. 2003).  Moreover, Mr. Henry Bey's complaint cannot be read to raise a non-frivolous Little Tucker Act claim because he is not seeking monetary damages from the United States for a taking of his property.

While this court could perhaps transfer his submission to the regional circuit, we cannot say that it would be in the interest of justice to do so.  Notably, the district court has already denied Mr. Henry Bey's motion for reconsideration of the dismissal order and noted that it lacked jurisdiction to adjudicate the merits of motions for summary judgment and judgment on the pleadings.  Moreover, Mr. Henry Bey has failed to make any non-frivolous allegation that the district court erred in finding no federal jurisdiction here.

Accordingly,

IT IS ORDERED THAT:

The petition for writ of mandamus is dismissed.

FOR THE COURT

April 18, 2019                                    /s/ Peter R. Marksteiner
     Date                                         Peter R. Marksteiner
                                                  Clerk of Court

s25