NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re:  **TATYANA E. DREVALEVA,**

*Petitioner*

2020-149

On Petition for Writ of Mandamus to the United States District Court for the Northern District of California in No. 3:20-cv-00642-JD, Judge James Donato.

**ON PETITION**

PER CURIAM.

## O R D E R

Tatyana E. Drevaleva petitions for a writ of mandamus directing the United States District Court for the Northern District of California to vacate the judgment in case No. 20-CV-00642 or to rule on her motion to vacate that judgment.

After Ms. Drevaleva was unsuccessful in suing her former employer for unlawful termination, retaliation, and lost wages, she filed the instant suit against the magistrate judge who was assigned to her prior case and the United States, seeking damages under the Federal Tort Claims Act ("FTCA") and California state law.  The district court dismissed the claims as barred by judicial immunity.  Ms.

Drevaleva filed a motion to vacate the judgment, which remains pending.  This petition followed.

The All Writs Act authorizes courts to issue writs "necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651(a).  Because "[t]he All Writs Act is not an independent basis of jurisdiction, . . . the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction."  *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983).

Here, the United States Court of Appeals for the Ninth Circuit, not this court, would have jurisdiction over a proper appeal from a final judgment arising out of a civil action pursuant to the FTCA.  Because this court would not have jurisdiction over an appeal from the underlying case, we lack jurisdiction to issue mandamus relief.  While this court has authority to transfer matters to the appropriate regional circuit under 28 U.S.C. § 1631, we cannot say it would be in the interest of justice to do so here.

Accordingly,

IT IS ORDERED THAT:

The petition is dismissed.  All other pending motions are denied as moot.

FOR THE COURT

October 20, 2020         /s/ Peter R. Marksteiner
     Date                Peter R. Marksteiner
                         Clerk of Court

s28