NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: POINT CONVERSIONS, LLC, a Delaware Limited Liability Company,**
*Petitioner*

---

2020-152

---

On Petition for Writ of Mandamus to the United States District Court for the Southern District of Florida in No. 0:18-cv-60912-BB, Judge Beth Bloom.

---

**ON PETITION AND MOTION**

---

Before MOORE, O'MALLEY, and STOLL, *Circuit Judges*.

O'MALLEY, *Circuit Judge*.

### O R D E R

Tropical Paradise Resorts LLC d/b/a Rodeway Inn & Suites ("Rodeway") filed the underlying suit against Point Conversions, LLC ("PC") in the Southern District of Florida. After the district court dismissed all claims, PC appealed to the United States Court of Appeals for the Eleventh Circuit. On May 26, 2020, the Eleventh Circuit affirmed. PC subsequently asked the Eleventh Circuit to transfer the case to this court, which the Eleventh Circuit denied on July 16, 2020. After the Eleventh Circuit denied

rehearing, PC filed this petition seeking mandamus to direct the district court to vacate its order or, alternatively, to direct the Eleventh Circuit to transfer.

We must dismiss this request. PC was content with the Eleventh Circuit adjudicating its appeal until it received an unfavorable ruling. To the extent PC believes that the Eleventh Circuit erred in exercising jurisdiction or erred in affirming the district court's judgment, the proper course is to seek review by the Supreme Court of the United States, which has jurisdiction to review decisions of the Eleventh Circuit. It cannot seek mandamus from this court, which does not have such authority. *See In re Roberts*, 846 F.2d 1360, 1362 (Fed. Cir. 1988) (noting that this court as "a co-equal member of a system of thirteen appellate courts. . . is not . . . possessed of jurisdiction to review and reverse the judgements of the other twelve"); *see also Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983) (citation omitted) (noting that a petitioner must "show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction").

Accordingly,

IT IS ORDERED THAT:

(1) PC's motion to file an untimely reply is granted. ECF No. 21 is accepted for filing.

(2) The petition for a writ of mandamus is dismissed.

(3) PC's motion to schedule argument is denied.

FOR THE COURT

November 25, 2020          /s/ Peter R. Marksteiner
        Date               Peter R. Marksteiner
                           Clerk of Court

s29