NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  MELINDA J. SCHNATTER,**

*Petitioner*

---

2021-175

---

On Petition for Writ of Mandamus to the United States District Court for the District of New Jersey in No. 3:21-cv-09201-FLW-TJB, Judge Freda L. Wolfson.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

Melinda J. Schnatter petitions for a "writ of prohibition" to "review [her] entries" submitted to the United States District Court for the District of New Jersey. ECF No. 2 at 1. Ms. Schnatter also moves to modify the caption (ECF No. 6); to proceed *in forma pauperis* (ECF No. 10); to correct her motion to proceed *in forma pauperis* (ECF No. 12); "to add crucial details" to her petition (ECF No. 13); and to expedite briefing (ECF Nos. 16 and 21). Having considered the parties' responses to its September 29, 2021 order to show cause, the court now transfers.

Ms. Schnatter filed the underlying complaint against the Department of Health and Human Services (DHHS) in the District of New Jersey, seeking, among other things, damages and an order requiring DHHS "to cease and desist their intrusions, their egregious breach into [her] privacy and to be required to maintain distance from" her and her children. Complaint, *Schnatter v. Dep't of Health & Hum. Servs.*, No. 3:21-cv-09201-FLW-TJB (D.N.J. Apr. 14, 2021), ECF No. 1-6 at 1.

On April 20, 2021, the district court dismissed Ms. Schnatter's complaint without prejudice after finding that it failed to meet the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The district court granted Ms. Schnatter leave to file an amended complaint no later than June 14, 2021. It does not appear that Ms. Schnatter filed an amended complaint. This court received this petition on July 30, 2021.

"The All Writs Act is not an independent basis of jurisdiction, and the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction." *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983). With regard to appeals from district courts, our subject matter jurisdiction is limited to cases that arise under the patent laws, *see* 28 U.S.C. § 1295(a)(1), cases on review from the United States Patent and Trademark Office, *see* § 1295(a)(4)(C), or certain cases brought against the United States that arise in whole or in part under 28 U.S.C. § 1346, *see* § 1295(a)(2). This case does not involve one of those subject matters.

Pursuant to 28 U.S.C. § 1631, this court may transfer a matter to a court that would have jurisdiction if it could have been brought in that other court. Because it is conceivable that Ms. Schnatter can seek review of the district court's determinations in this case by the United States

Court of Appeals for the Third Circuit, the court deems it the proper course here to transfer the case.

Accordingly,

IT IS ORDERED THAT:

The petition and all transmittals are transferred pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Third Circuit.

FOR THE COURT

November 23, 2021          /s/ Peter R. Marksteiner
        Date               Peter R. Marksteiner
                           Clerk of Court

s35