NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re:  IRINA COLLIER,**

*Petitioner*

2022-165

On Petition for Writ of Mandamus to the United States Court of Appeals for the Federal Circuit.

**ON PETITION**

PER CURIAM.

## O R D E R

Irina Collier submits a filing entitled "writ of mandamus and the notice of appeal."  ECF No. 2 at 1.[1]  Ms. Collier

---

[1]    To the extent that Ms. Collier also intended to submit a complaint of judicial misconduct against justices of the Supreme Court of the United States, this court lacks jurisdiction to review such a complaint.  *See* 28 U.S.C. § 351 (providing that a complaint may be filed against a circuit, district, bankruptcy, or magistrate judge, but not including Supreme Court justices under the definition of the term "judge" covered by the Judicial Conduct and Disability Act).

has not responded to the court's order of September 14, 2022, directing her to inform the court as to whether this matter should remain under seal.

In May 2022, this court dismissed a prior appeal from Ms. Collier for lack of jurisdiction and noted she had an appeal pending before the United States Court of Appeals for the Ninth Circuit seeking review of the same decision. *Collier v. Univ. of Cal., Berkeley*, No. 2022-1442, 2022 WL 1676223, at \*1 (Fed. Cir. May 26, 2022).  In June 2022, this court also dismissed Ms. Collier's petitions for issuance of an emergency writ in connection with the same case.  *Collier v. Univ. of Cal., Berkeley*, No. 2022-1442 (Fed. Cir. June 29, 2022), ECF No. 18 at 2.  It is unclear what relief Ms. Collier is seeking in the current petition, but she has identified her Ninth Circuit appeal; "case 18FL000889," which appears to be a state court matter; and a motion docketed as No. 21M88 that she filed at the Supreme Court.[2]

"The All Writs Act is not an independent basis of jurisdiction, and the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction." *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983).  This court's jurisdiction is limited and does not include jurisdiction to review the decisions of other appellate courts, state courts, or the Supreme Court.  We therefore dismiss her petition.  We also see no basis for the docket of this matter to remain under seal.

Accordingly,

---

[2]    The Supreme Court granted Ms. Collier's motion for leave to file a petition for a writ of certiorari from another Ninth Circuit appeal and ultimately denied her petition in May 2022.

IT IS ORDERED THAT:

(1)  The petition is dismissed.

(2)  The court's docket in this matter will no longer be sealed, but Ms. Collier's petition, ECF No. 2, will remain sealed.

FOR THE COURT

November 18, 2022                    /s/ Peter R. Marksteiner
        Date                             Peter R. Marksteiner
                                         Clerk of Court