NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

In re: **LENA MARIE LINDBERG,**
*Petitioner*

2023-126

On Petition for Writ of Mandamus to the United States District Court for the Middle District of Florida in No. 6:21-cv-01372-RBD-GJK, Judge Roy B. Dalton Jr.

## ON PETITION AND MOTION

PER CURIAM.

## O R D E R

Lena Marie Lindberg petitions for a writ of mandamus seeking, inter alia, to "command the Attorney General to commence Civil RICO Actions," ECF No. 2 at 23, and to direct Florida state courts, federal district courts, and the United States Courts of Appeals for the Seventh and Eleventh Circuits to take certain actions in her prior cases. She also moves for leave to proceed *in forma pauperis*.

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As that statute

makes clear, however, the Act is not itself a grant of jurisdiction, *see Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999).  Thus, "the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction." *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983).

Ms. Lindberg has not identified any case that would eventually be subject to this court's jurisdiction on appeal. Our review authority over appeals from United States district courts is generally limited to certain cases involving patent law matters, 28 U.S.C. §§ 1295(a)(1), 1295(a)(4)(C), or certain claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2); 28 U.S.C. § 1292(c)(1).  Ms. Lindberg's petition does not raise any matter within that limited jurisdiction. Nor can we say it would be in the interest of justice to transfer her petition to another court pursuant to 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

(1)  The petition is dismissed.

(2) The motion to proceed *in forma pauperis* is denied as moot.

FOR THE COURT

May 18, 2023                    /s/ Peter R. Marksteiner
     Date                      Peter R. Marksteiner
                               Clerk of Court