NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  RICARDO J. CALDERON LOPEZ,**

*Petitioner*

---

2023-133

---

On Petition for Writ of Mandamus.

---

**ON PETITION AND MOTION**

---

PER CURIAM.

### O R D E R

Ricardo J. Calderon Lopez petitions for a writ of mandamus appearing to request this court direct several federal district courts to take certain actions in his prior cases involving torts and civil rights claims, contract disputes, Social Security benefits, and attempts to remove state court proceedings.  He also moves for leave to proceed *in forma pauperis* and for various other relief, including transfer.

The All Writs Act provides that federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  As that statute makes clear, however, the Act is not itself a grant of

jurisdiction, *see Clinton v. Goldsmith*, 526 U.S. 529, 534–35 (1999). Thus, "the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined subject matter jurisdiction." *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983). Mr. Calderon Lopez has failed to do so.

Our review authority over appeals from United States district courts is generally limited to certain cases involving patent law matters, 28 U.S.C. §§ 1295(a)(1), 1295(a)(4)(C), or certain claims against the United States "not exceeding $10,000 in amount," 28 U.S.C. § 1346(a)(2), *see* 28 U.S.C. § 1295(a)(2); 28 U.S.C. § 1292(c)(1). The cases identified in Mr. Calderon Lopez's petition do not fall within that limited jurisdiction, and we must reject his invitation to assert "ancillary jurisdiction" over them.[*] Nor can we say it would be in the interest of justice to transfer his petition to another court pursuant to 28 U.S.C. § 1631.

Accordingly,

IT IS ORDERED THAT:

(1) The petition is dismissed.

---

[*]    To the extent the cover letter to Mr. Calderon Lopez's petition may suggest that he seeks further action related to his prior appeal before this court, *Lopez v. United States*, Appeal No. 2022-2137, that appeal was dismissed for lack of jurisdiction and his petition for rehearing en banc has been denied. As the Clerk of Court has explained to Mr. Calderon Lopez, that case is now over.

IN RE: CALDERON LOPEZ                                                      3

(2)  All other motions are denied.

FOR THE COURT

October 13, 2023                          /s/ Jarrett B. Perlow
      Date                                Jarrett B. Perlow
                                          Clerk of Court