NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TERRY G. WATSON,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2022-2148

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 22-1662, Judge Grant Jaquith.

---

Decided: November 8, 2023

---

TERRY G. WATSON, Hartshorn, MO, pro se.

DANIEL FALKNOR, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY.

---

Before NEWMAN, CHEN, and CUNNINGHAM, *Circuit Judges*.

NEWMAN, *Circuit Judge*.

This case concerns the jurisdiction of the Court of Veterans Claims (the "Veterans Court") to act on a petition for extraordinary relief, when the veteran does not have a related claim pending within the Department of Veterans Affairs (the "VA") administrative system. We conclude that the Veterans Court correctly held that it does not have jurisdiction to consider this petition.[1]

## DISCUSSION

Terry G. Watson is a veteran of the United States Army, rated 100% disabled. At the time he filed this petition, he had for eleven years been incarcerated in a Missouri state prison. Missouri law requires the state to provide incarcerated persons with "necessary medicine, dental care or medical attention necessary or proper." MO. REV. STAT. § 221.120 (2016). Mr. Watson states that this obligation has not been met, despite his many requests to the VA and state and federal agencies and courts.

## A

Mr. Watson filed a petition to the Veterans Court, asking the court to order the VA to provide him with adequate health care for his service-related afflictions. In an initial response, the Veterans Court explained that it "can only grant a petition if the veteran alleges an issue with a pending claim at VA. And that claim must also involve an issue that could be appealed to this Court." Initial Order at 1. The Veterans Court asked Mr. Watson to "inform[] the Court whether he has a pending claim with VA to which

---

[1]    *Watson v. McDonough*, No. 22-1662 (Vet. App. May 18, 2022) (unpublished) ("Initial Order"); 2022 WL 2255622 (June 23, 2022) ("Final Order").

his petition relates or has no such claim and intends a direct challenge to 38 C.F.R. § 17.38(c)(5)." *Id.* at 2.

Mr. Watson responded that he "has filed complaint at the VA multiples of times including the Board who have refused to take up the claim." Final Order at \*1 (quoting Watson Response to Initial Order at 1). But he mentioned no specific pending claim with the VA. The Veterans Court explained that its mandamus authority is limited to matters pending at VA or otherwise within the court's jurisdiction; the court dismissed the petition, stating:

> Because the petitioner has not alleged that his petition is related to a claim currently pending at VA, nor has he otherwise alleged an unlawful act that falls under this Court's jurisdiction, a writ of mandamus here would not be in aid of this Court's jurisdiction. Thus, this Court lacks authority to issue such a writ.

*Id.* at \*2.

Mr. Watson appeals, reciting and documenting his years of attempting to receive adequate medical care. He argues that the VA is charged with assuring that veterans receive the care authorized by statute and asks the Veterans Court to order the VA to accept that obligation and implement a solution.

## B

The government responds that statute and regulation absolve the VA of this obligation on the facts hereof, where Missouri law provides for state medical care for incarcerated persons. The primary federal statute concerning medical care for state-incarcerated veterans is 38 U.S.C. § 1710(h):

> [§ 1710](h)  Nothing in this section requires the Secretary to furnish care to a veteran to whom another agency of Federal, State, or local government

has a duty under law to provide care in an institu-
tion of such government.

Federal regulation 38 C.F.R. § 17.38(c) explicitly excludes
certain federal medical benefits for veterans who are in-
mates of a state institution that has a duty of care:

[§ 17.38](c)  In addition to the care specifically ex-
cluded from the "medical benefits package" under
paragraphs (a) and (b) of this section, the "medical
benefits package" does not include the following:

* * *

(5) Hospital and outpatient care for a veteran who
is either a patient or inmate in an institution of an-
other government agency if that agency has a duty
to give the care or services.

Mr. Watson argues that "[t]he Secretary is bound to pro-
vide mental health coverage" required by veterans, Watson
Br. 2, and he asks the Veterans Court, and now this court,
to require the VA to assure that he receives the care neces-
sary for his service-related afflictions.

C

Appeals of decisions of the Veterans Court are con-
signed to the Federal Circuit.  38 U.S.C. § 7292(a), (c).  We
give de novo review to rulings of statutory interpretation
and constitutional issues.  However, by statute, we have no
authority to review factual findings by the Veterans Court.
38 U.S.C. § 7292(d).

Our authority includes review of how the Veterans
Court interprets its own jurisdiction, *Skaar v. McDonough*,
48 F.4th 1323, 1331 (Fed. Cir. 2022), and review of actions
on petitions on matters within the court's jurisdiction,
*Wolfe v. McDonough*, 28 F.4th 1348, 1354 (Fed. Cir. 2022).

This appeal concerns the Veterans Court's interpreta-
tion of its jurisdiction as applied to Mr. Watson's petition

for extraordinary relief. The question is the availability of direct petition for mandamus to the Veterans Court, on the facts hereof. We do not consider the authority of any other court or agency with respect to any issue raised.

The Veterans Court held that its jurisdiction is limited to a "pending claim at VA," Initial Order at 1, such that "[w]hen individuals file petitions for writs of mandamus, this Court's authority is limited to issuing a writ in aid of the Court's prospective jurisdiction," Final Order at *1 (citing 28 U.S.C. § 1651(a)).

The government states that the Veterans Court has no jurisdiction to grant this petition because Mr. Watson does not have "either a claim pending before VA or an appeal pending at the Board of Veterans' Appeals." Gov't Br. 2. The government states that "Mr. Watson had to demonstrate that he was pursuing some action before the agency over which the Veterans Court could eventually have jurisdiction." *Id.* at 7 (first citing *Cox v. West*, 149 F.3d 1360, 1363 (Fed. Cir. 1998); and then citing *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983)).

We conclude that the Veterans Court correctly held that its authority does not extend to petitions from veterans who do not have a claim pending before the VA or the Board, because the court does not have prospective jurisdiction unless there is such a claim. *See Wolfe*, 28 F.4th at 1359 (finding the Veterans Court does not have jurisdiction to issue a writ of mandamus for "a party [who] has not initiated any proceeding whatsoever"). Thus Mr. Watson's petition was correctly dismissed.

The decision of the Veterans Court is

**AFFIRMED**.

COSTS

No costs.