NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re MARTIN AKERMAN**

*Petitioner*

---

2024-146

---

On Petition for Writ of Mandamus to the Merit Systems Protection Board in No. DC-0752-22-0376-I-1.

---

**ON PETITION**

---

PER CURIAM.

## O R D E R

Martin Akerman petitions for a writ of mandamus to compel the Merit Systems Protection Board to take certain action in his Board appeal, No. DC-0752-22-0376-I-1, in which he purportedly raises "claims of due process violations, discrimination, and retaliation."  Pet. at 3.

The All Writs Act authorizes courts to issue writs "necessary or appropriate in aid of their respective jurisdictions."  28 U.S.C. § 1651(a).  Because "[t]he All Writs Act is not an independent basis of jurisdiction, . . . the petitioner must initially show that the action sought to be corrected by mandamus is within this court's statutorily defined

subject matter jurisdiction." *Baker Perkins, Inc. v. Werner & Pfleiderer Corp.*, 710 F.2d 1561, 1565 (Fed. Cir. 1983).

Although our jurisdiction includes authority to review certain final decisions of the Board, it does not include authority to review "[c]ases of discrimination subject to the provisions of [5 U.S.C. §] 7702," § 7703(b)(2)—cases involving allegations that an action appealable to the Board was based on covered discrimination, § 7702. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 437 (2017). Mr. Akerman asserts this is such a "mixed case[]." Pet. at 6. Because this court would not have jurisdiction over a petition for review from the underlying Board appeal here, we likewise lack jurisdiction to consider his petition for mandamus.

Accordingly,

IT IS ORDERED THAT:

(1) The petition for a writ of mandamus is dismissed.

(2) All remaining motions are denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

October 24, 2024
Date